771 F.2d 1089
 Zellmer FROMM and Marilyn Tucker, individually and on behalf
of all those similarly situated, Plaintiffs-Appellants,
v.
Edward J. ROSEWELL, Treasurer and Ex Officio County
Collector of Cook County, Illinois; Thomas C. Hynes,
Assessor of Cook County, Illinois; Harry H. Semrow and
Patrick Quinn, Commissioners of Board of (Tax) Appeals of
Cook County, Illinois; Richard M. Daley, State's Attorney
of Cook County, Illinois; the County of Cook, a body
corporate and politic; and Robert J. Dempsey, Judge of the
Circuit Court of Cook County, Illinois, Defendants-Appellees.
 No. 84-2977.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 5, 1985.
Decided Aug. 29, 1985.
As Amended Sept. 3, 1985.
 
 James A. Rooney, Chicago, Ill., for plaintiffs-appellants.
 Robert J. Tonos, Mark R. Davis, Patricia Rosen, Office of Atty. Gen., Chicago, Ill., for defendants-appellees.
 Before COFFEY and FLAUM, Circuit Judges, and WRIGHT*, Senior Circuit Judge.
 EUGENE A. WRIGHT, Senior Circuit Judge.
 
 
 1
 Property owners in Cook County, Illinois sued under 42 U.S.C. Sec. 1983 for alleged deprivations of procedural due process rights by county officials who determined plaintiffs' liability for 1980 real estate taxes. They sought a declaratory judgment, damages, and injunctive relief. The district court dismissed their complaint for failure to state a claim upon which relief could be granted. We affirm the dismissal.
 
 FACTS AND STATUTORY FRAMEWORK
 
 2
 Under Illinois law, there are two procedures for challenging Cook County tax assessments: (1) the "taxpayer objection" procedure, and (2) the "certificate of error" procedure.
 
 
 3
 Under the first, plaintiffs may challenge their assessments by filing a complaint with the Board of Appeals (Board). Ill.Rev.Stat. ch. 120, Sec. 598. The Board's two commissioners have four-year terms. Id. at Sec. 492. Their function is to review taxpayer complaints. See generally People ex rel. Thomas v. Nixon, 353 Ill. 556, 187 N.E. 650 (1933) (tracing legislative history of the Cook County Board of Appeals).
 
 
 4
 The taxpayer is entitled to notice of the Board's hearing and an opportunity to be heard. Ill.Rev.Stat. ch. 120, Sec. 599. Judicial review of the Board's actions is available in the state courts but the taxpayer must first pay the entire tax under protest. Id. at Sec. 675. Then he must file objections to the collector's Application for Judgment and order of sale attacking the assessment. Id. at Sec. 716. The plaintiff may raise constitutional challenges to the assessment in his objection. Rosewell v. LaSalle National Bank, 450 U.S. 503, 514, 101 S.Ct. 1221, 1229, 67 L.Ed.2d 464 (1981).
 
 
 5
 The "certificate of error" procedure provides an alternate method of challenging taxes. See Chicago Sheraton Corp. v. Zaban, 71 Ill.2d 85, 15 Ill.Dec. 634, 373 N.E.2d 1318, 1321, appeal dismissed, 439 U.S. 888, 99 S.Ct. 602, 58 L.Ed.2d 672 (1978). This procedure provides:
 
 
 6
 In counties containing 1,000,000 or more inhabitants, if, at any time before judgment is rendered in any proceeding to collect or to enjoin the collection of taxes based upon any assessment of any property belonging to any person or corporation, the county assessor shall discover an error or mistake in such assessment, such assessor shall execute a certificate setting forth the nature of such error, and the cause or causes which operated to produce it. The certificate when endorsed by the board of appeals showing its concurrence therein, and not otherwise, may be received in evidence in any court of competent jurisdiction, and when so introduced in evidence such certificate shall become a part of the court records, and shall not be removed from the files except upon the order of the court.
 
 
 7
 A certificate executed pursuant to this Section may be issued to the person erroneously assessed or may be presented by the assessor to the court as an objection in the application for judgment and order of sale for the year in relation to which the certificate is made.
 
 
 8
 Ill.Rev.Stat. ch. 120, Sec. 604.
 
 
 9
 Fromm and Tucker first challenged their 1980 assessment by filing a complaint with the Board alleging the assessed value of their property was too high. The Board refused to lower the assessment.
 
 
 10
 Tax collector Rosewell issued 1980 tax bills of $21,043.98 based on the assessed value of $123,272. Plaintiffs paid the first installment in full.
 
 
 11
 Upon receiving the second installment bill, they asked tax assessor Hynes to execute a certificate of error. Hynes reduced the assessment to $99,000 and recalculated their tax bill. He informed plaintiffs that they needed to pay only the reduced amount and could disregard notices advising them of the unpaid balance "until the matter is resolved in court." He also told them, however, that the certificate of error did not assure a favorable determination and was only a recommendation to the Circuit Court.
 
 
 12
 At this point, they could have followed the tax objection procedure by paying the full amount of the original second bill under protest, thus preserving their right to contest the assessment in court. Instead, they paid only the reduced amount in reliance upon the certificate of error.
 
 
 13
 After two years, Hynes forwarded the executed certificate to the defendant Commissioners Semrow and Quinn for their endorsements. Quinn refused to endorse the certificate. Appellants received no notice of his refusal.
 
 
 14
 Because plaintiffs had not paid their initial 1980 assessment in full, the collector proceeded to file an Application for Judgment and order of sale with the Circuit Court. Plaintiffs were not entitled to file any objections to the collector's action because they had not paid the full amount of taxes under protest, a necessary prerequisite. Ill.Rev.Stat. ch. 120, Sec. 716.
 
 
 15
 In February 1984, State's Attorney Daley presented the non-endorsed certificate of error to defendant Circuit Court Judge Dempsey as an objection, pursuant to Ill.Rev.Stat. ch. 120, Sec. 604.
 
 
 16
 Judge Dempsey refused to admit the certificate into evidence because it had not been endorsed by the Board. See id. Because there were no valid objections to the collector's Application for Judgment, he entered judgment against the property for the unpaid taxes plus interest. The judgment was not appealed.
 
 
 17
 In April 1984, defendant Rosewell mailed the judgment order to plaintiffs. Their attempt to pay the assessed taxes under protest was denied.
 
 
 18
 They then paid their delinquent 1980 taxes, plus full interest and penalties in the amount of $6,133.76, and regained title to the property.
 
 PROCEEDINGS BELOW
 
 19
 They brought this Section 1983 action for alleged deprivations of their money and their statutory right to contest their assessment. They complained that they did not receive notice of the Board's refusal to endorse their certificate, were denied an opportunity to present evidence to the Board, and were not notified of the proceeding before Judge Dempsey.
 
 
 20
 The district court granted defendants' motion to dismiss. The court held that injunctive relief is barred by the Tax Injunction Act (Act), 28 U.S.C. Sec. 1341, and declaratory and monetary relief is barred by comity.
 
 
 21
 Appellants have dismissed their appeal from the denial of injunctive relief and challenge only the dismissal of the declaratory judgment and damages claims. In the alternative, they ask this court to certify the question of availability of state remedies to the Illinois Supreme Court.
 
 STANDARD OF REVIEW
 
 22
 Review of a dismissal for failure to state a claim is limited to the contents of the complaint. We accept its factual allegations as true. Strauss v. City of Chicago, 760 F.2d 765, 766 (7th Cir.1985). The complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Carl Sandburg Village Condominium Ass'n v. First Condominium Development Co., 758 F.2d 203, 207 (7th Cir.1985).
 
 ANALYSIS
 
 23
 The Tax Injunction Act bars a taxpayer from contesting the validity of a state tax in a Sec. 1983 injunction action if there is a "plain, speedy and efficient" state remedy available. Rosewell, 450 U.S. at 512, 101 S.Ct. at 1228. It divests the court of jurisdiction to consider actions that "suspend or restrain" the assessment and collection of state taxes. California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982).
 
 
 24
 Principles of comity bar a taxpayer from contesting the validity of a state tax in a Sec. 1983 damage or declaratory judgment action if there is a "plain, adequate and complete" state remedy available. See Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); Alcan Aluminium Ltd. v. Dept. of Revenue of the State of Oregon, 724 F.2d 1294, 1297 (7th Cir.1984).
 
 
 25
 We agree with the district court that the comity principle controls the disposition of appellants' claims for declaratory relief and money damages. These taxpayers must seek protection of their federal rights by state remedies, the adequacy of which is well settled. See Fair Assessment, 454 U.S. at 116, 102 S.Ct. at 186.
 
 
 26
 In Rosewell v. LaSalle National Bank, an Illinois taxpayer challenged the constitutionality of the taxpayer objection procedure on equal protection and due process grounds. The Supreme Court held that the procedure is a plain, speedy and efficient remedy against a wrongful assessment. 450 U.S. at 514, 101 S.Ct. at 1229. The Court reasoned:
 
 
 27
 There is no doubt that the Illinois state-court refund procedure provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax.... Appeal to higher Illinois courts is authorized, ... and review is ultimately available in this Court....
 
 
 28
 Id. (citations omitted).
 
 
 29
 In paragraph 21 of their amended complaint, plaintiffs acknowledge that they understood this procedure. Nothing prevented them from pursuing this remedy.
 
 
 30
 Regarding the certificate of error procedure, the Illinois Supreme Court has made clear that taxpayers have neither a statutory nor a constitutional right to participate in the certificate of error proceeding or to challenge any alleged irregularities in it. Chicago Sheraton Corp. v. Zaban, 115 Ill.Dec. at 637, 373 N.E.2d at 1321. We held that the U.S. Supreme Court's dismissal for want of a substantial federal question operated as an adjudication on the merits of the constitutional claim presented. Chicago Sheraton Corp. v. Zaban, 593 F.2d 808 (7th Cir.1979). We explained:
 
 
 31
 We have examined the jurisdictional statement in the appeal to the Supreme Court, the opinion of the Illinois Supreme Court, and the briefs filed by parties before that court and conclude that the precise constitutional claim of deprivation of due process as presented here was presented and decided by the Illinois Supreme Court and by summary dismissal of the appeal in the United States Supreme Court.
 
 
 32
 Id. at 809.
 
 
 33
 The Zaban case bears a strong resemblance to this case. In Zaban, the plaintiff's property was the subject of an assessor's certificate of error forwarded to the Board. After a four-year delay, the Board refused to endorse the certificate. The plaintiff had no notice of the nonendorsement. The state court refused to consider the nonendorsed certificate.
 
 
 34
 There, as here, the plaintiff failed to pursue its available remedy, the taxpayer objection procedure codified at Ill.Rev.Stat. ch. 120, Secs. 675 and 716. The Illinois Supreme Court held that "[h]aving failed to timely file a complaint with the board, plaintiff was precluded from pursuing the statutory remedy of objection in the collector's application for judgment proceeding." Zaban, 15 Ill.Dec. at 638, 373 N.E.2d at 1322.
 
 
 35
 The flaw in appellants' argument is that the certificate of error procedure is not the statutory method to judicially challenge tax assessments in Illinois. The taxpayer objection procedure may be pursued independently of and concurrently with the remedy they chose. Rosewell, 450 U.S. at 514, 101 S.Ct. at 1229. The two remedies are not mutually exclusive.
 
 
 36
 Appellants have a constitutionally adequate state remedy to protest the assessment and collection of property taxes. They may not claim a deprivation of due process rights because the tax objection procedure was available to them.[1]
 
 
 37
 Because this case is controlled by the precedent cited, we deny the motion to certify. See Ill.Rev.Stat. ch. 110A, Sec. 20 (certification discretionary where state law issue may be determinative and there are no controlling precedents in the decisions of the state supreme court); 7th Cir.R. 13 (this court may certify question of state law when rules of the highest court of a state permit certification).
 
 
 38
 AFFIRMED.
 
 
 
 *
 Hon. Eugene A. Wright, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, is sitting by designation
 
 
 [1]
 We reject appellants' claim of denial of court access based on Cleveland Board of Education v. Loudermill, --- U.S. ----, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). We find these cases inapplicable