* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See*, Fed.R. App.P. 34(a); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Dr. Edward A. PRYZINA, Plaintiff-Appellant,

v.

Michael LEY, et al., Defendants-Appellees.

No. 86–2364.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 22, 1987.*

Decided March 4, 1987.

Edward A. Pryzina, River Falls, Wis., for plaintiff-appellant.

Robert D. Repasky, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before CUMMINGS, WOOD, and RIPPLE, Circuit Judges.

PER CURIAM.

*Pro se* plaintiff Edward Pryzina appeals the dismissal of his action brought under 42 U.S.C. § 1983. We affirm the judgment of the district court.

## I

For purposes of reviewing the district court's dismissal, we treat the factual allegations of Dr. Pryzina's complaint as true; dismissal is therefore only proper where "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claims which would entitle [him] to relief." *Fromm v. Rosewell*, 771 F.2d 1089, 1091 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Further, we liberally construe the complaints of *pro se* plaintiffs. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

The complaint alleges the following facts: Dr. Pryzina, resides in Wisconsin. Defendant Ley is Secretary of Wisconsin's Department of Revenue. Defendants Morris and Timken serve on the Wisconsin Tax Appeals Commission. Defendant LaFollette is the Wisconsin Attorney General; defendant Wilker is the Assistant Attorney General. Defendants Wing and Ledlin were circuit judges for Pierce County, Wisconsin. At all relevant times, defendants were acting under color of law and in their official capacities.

According to the complaint, Dr. Pryzina requested a tax refund. Mr. Ley or his predecessor reexamined and audited plaintiff's past tax returns and allegedly assessed incorrectly additional taxes and penalties. Dr. Pryzina had difficulty obtaining prompt responses to his requests for information about the new assessments, and, despite his requests, did not receive information regarding his appeal rights, although he had requested it. After 1971, his refund requests did reach the appeal stage.

In 1972 the Department of Revenue issued a warrant to seize his residence for unpaid taxes in the amount of $148.51. Dr.

Pryzina paid the tax under protest and filed for a refund. Mr. Morris allegedly scheduled hearings on the appeal at great distances from plaintiff's residence and without regard for plaintiff's schedule. He refused to grant continuances. Mr. Timken presided over hearings held in Dr. Pryzina's absence and dismissed the appeal on procedural grounds.

Plaintiff sought judicial review in the Circuit Court for Pierce County. Defendants Ley, LaFollette, Morris, and Wilker, the complaint continues, failed to answer plaintiff's petition, filed invalid motions to dismiss, lost plaintiff's file, and failed to appear at a hearing to be held in the Pierce County court. The complaint also alleges that Judge Ledlin refused to grant plaintiff a default judgment and that Judge Wing arbitrarily denied plaintiff's petition by incorporating in his decision fraudulent statements made by defendants Morris, Timken, and Wilker.

## II

■ We agree with the district court that, insofar as the complaint may be construed to seek injunctive relief, the action is barred by the Tax Injunction Act of 1937, 28 U.S.C. § 1341.[1] Insofar as the complaint seeks declaratory relief or damages, the action is barred by the principle of comity which requires that state taxpayers "seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete...." *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981) (citations and footnote omitted). To the extent that Dr. Pryzina's complaint may be read as alleging that Wisconsin does not provide a "plain, adequate, and complete" remedy, the argument must fail even at this early stage of the litigation, because he could have, but did not, appeal the circuit court decisions.

■ We also note that Judge Ledlin and Judge Wing enjoy absolute immunity from liability for damages. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Forrester v. White*, 792 F.2d 647, 651 (7th Cir.1986). A similar immunity is enjoyed by the members of the Tax Appeals Commission. *See Gleason v. Board of Educ. of Chicago*, 792 F.2d 76, 79 n. 1 (7th Cir.1986); *Reed v. Village of Shorewood*, 704 F.2d 943, 952 (7th Cir.1983). The Attorney General and his assistant also enjoy absolute immunity. *Butz v. Economou*, 438 U.S. 478, 516–17, 98 S.Ct. 2894, 2915–16, 57 L.Ed.2d 895 (1978); *see also Henderson v. Lopez*, 790 F.2d 44 (7th Cir.1986); *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986); *see generally Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

## III

■ The defendants have asked that they be awarded attorney's fees and costs under 42 U.S.C. § 1988 and under Fed.R. Civ.P. 11. Inasmuch as this request is an attempt to seek review of the district court's failure to make such an award, it must fail since the defendants did not cross-appeal. Insofar as this request is for an award of fees or for the imposition of sanctions in this court, we deny the request. Attorney's fees may be awarded to a prevailing defendant in a frivolous action under section 1988. *Vandenplas v. City of Muskego*, 797 F.2d 425, 428 (7th Cir.1986). Under Rule 38, attorney's fees and costs may be awarded where an appeal is both frivolous and an appropriate case for sanctions, *see Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986), even where litigants are proceeding *pro se*. *See Reis v. Morrison*, 807 F.2d 112 (7th Cir.1986) (per curiam). However, we have recognized that arguments that a lawyer should or would recognize as clearly groundless may not seem so to the

---

1. 28 U.S.C. § 1341 provides:
   "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

*pro se* appellant. *Id.* at 113. This is particularly true where a case turns on a somewhat obscure jurisdictional ground. Here the dismissal left the merits of Pryzina's underlying claim unexplored.

The decision of the district court is affirmed.

AFFIRMED.