**FRANCIS E. GOODMAN, P.C., an Illinois Professional Corporation, by itself and for all others similarly situated, Plaintiffs,**

v.

**Rolland W. BURRIS, Comptroller of the State of Illinois, Defendant.**

No. 87 C 11008.

United States District Court, N.D. Illinois, E.D.

Sept. 21, 1988.

Francis E. Goodman, John R. Krafcisin, Francis E. Goodman, P.C., Chicago, Ill., for plaintiffs.

Gladys Stevens, Office of the Atty. Gen., Chicago, Ill., for defendant.

### ORDER

NORGLE, District Judge.

Before the court is defendant Rolland Burris's motion to dismiss, *see* Fed.R.Civ.P. 12(b)(6), and plaintiff's motion for class certification, *see* Fed.R.Civ.P. 23. Simply stated, the named plaintiff ("plaintiff") challenges the State of Illinois' delay in processing his income tax refunds and those of others similarly situated. He alleges that the delay and the priority given to other types of state payments (i.e. payments to creditors, the state employee payroll, etc.) over tax refunds violate the due process and equal protection clauses. Plaintiff asserts his claims under 42 U.S.C. § 1983.

Under Federal Rule of Civil Procedure 23(c), a court must rule on class certifica-

tion before acting on the merits. *See Hickey v. Duffy*, 827 F.2d 234, 237 (7th Cir. 1987); *Lorance v. AT & T Technologies, Inc.*, 827 F.2d 163, 165 n. 1 (7th Cir.1987). The court, however, by this order does not address the merits of plaintiff's claim, but finds instead that it does not have jurisdiction to entertain this action. The court need not address the certification issue as the present dismissal is without prejudice to seeking redress in state court.

■ Regarding defendant's motion to dismiss, the Tax Injunction Act (the "Act"), 28 U.S.C. § 1341, provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

In other words, district courts cannot entertain suits seeking injunctive relief "where a plain, speedy and efficient remedy" is available in the state courts. *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *Pryzina v. Ley*, 813 F.2d 821, 823 (7th Cir.1987). The principle of comity bars any action in federal court where the complaint seeks declaratory relief or damages, provided again that an adequate state remedial scheme is available to the plaintiffs. *See Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981); *Pryzina*, 813 F.2d at 823. Although the Act's language does not specifically implicate refunds as falling within its purview, courts have interpreted § 1341 as applying to a taxpayer's application for a refund. *See Pryzina; Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1236 (9th Cir. 1984) ("although the language of the Act does not specifically cover actions for refund or damages, federal court consideration of such cases must be barred lest the Tax Injunction Act be deprived of its full effect.")

■ The present complaint may be construed as an action for refund and/or damages, and as an action seeking injunctive relief. The Act and/or the principle of comity precludes the litigation of these claims in this court if the state provides an adequate remedial procedure. Plaintiff argues that he is not questioning the tax system of the State of Illinois, and thus *McNary* and *Rosewell* are inapplicable. The court disagrees. Plaintiff is directly attacking the state tax refund policy. This policy is inextricably related and part of the overall taxation system of the State of Illinois. Therefore, plaintiff's argument is unfounded. Plaintiff's only citation on this point, *Kerr v. Enoch Pratt Free Library of Baltimore City*, 54 F.Supp. 514 (D.C. Md.1944), *rev'd on other grounds*, 149 F.2d 212 (4th Cir.), *cert. denied*, 326 U.S. 721, 66 S.Ct. 26, 90 L.Ed. 427 (1945), is not only not binding on this court but does not support his argument. In *Kerr*, the Act was held inapplicable to an action challenging the paying over of tax money, above a certain amount, to a library. Thus, *Kerr* involved a taxpayer challenging the manner in which his tax dollars were being distributed. Here, plaintiff is attacking the overall tax system whereby the state delays tax refund payments and affords higher priority to other state payments over tax refunds. Thus, *Kerr* is not factually on point and is inapplicable.

The court must finally determine whether Illinois courts provide an adequate remedy for challenging the refund system. Illinois law mandates that the Illinois Department of Revenue refund any overpayment of taxes to the taxpayers. *See* Ill.Rev.Stat. ch. 120, ¶¶ 9–904, 9–909 (1985).

Paragraph 9–904 provides in pertinent part:

> (a) ... If the [Illinois] Department [of Revenue] finds that the tax paid is more than the correct amount, it shall credit or refund the overpayment as provided by section 909.

Paragraph 9–909 states in pertinent part:

> a) In general. In the case of any overpayment the Department may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of the tax imposed by this Act, regardless of whether other collection remedies are closed to the Department on the part of the person who made

the overpayment and shall refund any balance to such person.

Moreover, interest is added to any overpayments if the refund is not made within three months after the filing of the return or three months after the prescribed date for filing the return. *See* Ill.Rev.Stat. ch. 120, ¶ 9–909(c) (1985). Thus, a mechanism exists for the repayment of any overpayment owing to a taxpayer, although the procedures do not outline a specific timeframe for the payment of refunds. If plaintiff chooses to attack this refund system he may do so in the Illinois court system. Any final decision of the Illinois courts is reviewable by the United States Supreme Court, which the *McNary* Court indicated is necessary for the existence of an adequate remedial scheme. *See McNary*, 454 U.S. at 116, 102 S.Ct. at 186.

Accordingly, defendant's motion to dismiss is granted without prejudice. The court does not have jurisdiction to entertain this action. Moreover, plaintiff's motion for class certification is stricken.

IT IS SO ORDERED.