Matthew F. PAWA

v.

**Patricia McDONALD, in her official capacity as Commissioner of Motor Vehicles.**

Civil No. 1:96CV11.

United States District Court,
D. Vermont.

April 2, 1996.

Matthew F. Pawa, Burlington, VT, Pro Se.

Jeffrey L. Amestoy, Attorney General, Vermont Attorney General's Office, Montpelier, VT, for Defendant.

## RULING ON PENDING MOTIONS

(papers 8 and 10)

MURTHA, Chief Judge.

### I. Background

The plaintiff asks this Court to declare the exemption from payment of motor vehicle use tax provided by 32 V.S.A. § 8911(8) unconstitutional as discriminatory against residents who receive gift vehicles from family members who are not Vermont residents.

The salient facts are undisputed. *See* Local Rule 5(c).

Plaintiff Matthew Pawa is a Vermont resident. Plaintiff's mother, Sandra Pawa, is a Massachusetts resident. On or about October 11, 1995, Sandra Pawa gave plaintiff her 1990 Acura Legend.

Prior to the gift, the car was titled and registered in Massachusetts in Sandra Pawa's name. Upon receipt of the gift, the plaintiff attempted to register the automobile in Vermont. Pursuant to 32 V.S.A. § 8903(b) and (c), the Commissioner of Motor Vehicles attempted to collect from plaintiff use tax. Relying on the exemption from taxation provided by 32 V.S.A. § 8911(8), the plaintiff refused to pay.

Title 32 V.S.A. § 8911(8) provides:

The tax imposed by this chapter shall not apply to ... motor vehicles transferred to the spouse, mother, father, child, grandparent or grandchild of the donor, or to a trust established for the benefit of any such persons or for the benefit of the donor, or subsequently transferred among such persons provided such motor vehicle has been registered in this state in the name of the original donor.

Thus, to qualify for the exemption, the gifted motor vehicle must presently be registered in Vermont. The plaintiff claims, *inter alia*, that § 8911(8) violates the Equal Protection Clause and Commerce Clause to the United States Constitution in that it impermissibly discriminates between interstate family transfers of motor vehicles, which are subject to taxation, and similar intrastate family transfers, which are not.

As an apparent result of this suit, the Commissioner has allowed the plaintiff to register his automobile and has waived payment of use tax. In response to plaintiff's summary judgment motion, the defendant claims the instant action is moot. However, it is conceivable that the current Commissioner's successor could attempt to collect the now suspended use tax. *See Boutin v. Conway*, 153 Vt. 558, 572 A.2d 905, 908 (1990) ("Finally, regarding plaintiff's statute-of-limitations argument, we agree with DMV that plaintiff is not entitled to amnesty from the

continuing suspension merely because DMV has declined to go to court to seek payment of the unpaid tax that brought about the sanction.")

## II.  Defendant's Motion to Dismiss

The defendant has moved to dismiss the instant action, either as moot or as barred by the Tax ·Injunction Act, 28 U.S.C. § 1341. For the following reasons, the defendant's motion to dismiss is denied.

██ The defendant asserts this case is moot because the Commissioner has allowed the plaintiff to register his automobile and has not collected the otherwise applicable use tax.  However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 288, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982).  A case becomes moot only "if subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 289 n. 10, 102 S.Ct. at 1074–75 n. 10 (citations and quotations omitted).  In the instant action, 32 V.S.A. § 8911(8) remains the law of Vermont, and the Commissioner can decide to collect the use tax from plaintiff at some future date. *Cf. Comer v. Cisneros,* 37 F.3d 775, 800 (2d Cir.1994) (Party who voluntarily ceases allegedly illegal conduct bears a "very heavy burden" of showing conduct will not recur.")  Accordingly, the instant dispute is not moot.

██ The defendant also argues this action is barred by the Tax Injunction Act, 28 U.S.C. § 1341.  Title 28 U.S.C. § 1341 provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  In *Barringer v. Griffes,* 964 F.2d 1278 (2d Cir.1992), the Second Circuit held that Vermont residents who challenge the constitutionality of the state's motor vehicle use tax lack a "plain, speedy and efficient" remedy within the meaning of the Tax Injunction Act.  The Commissioner has not apprised the Court of circumstances which suggest the Second Cir-cuit's 1992 finding should be reconsidered. Therefore, the Tax Injunction Act does not bar this Court from exercising jurisdiction over this matter.

## III.  Plaintiff's Motion for Summary Judgment

██ As the party moving for summary judgment, the plaintiff has the initial burden of informing the Court of the basis for his motion and of identifying those parts of the record which he believes demonstrate the absence of a genuine issue of material fact. *See Latimer v. Smithkline and French Laboratories,* 919 F.2d 301, 303 (5th Cir.1990) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Where, as here, a motion for summary judgment is supported by affidavits and other documentary evidence, the party opposing that motion must set forth specific facts which show there is a genuine, material issue for trial.  *See King Service, Inc. v. Gulf Oil Corp.,* 834 F.2d 290, 295 (2d Cir.1987).  Accordingly, the defendant must come forward with enough evidence to support a verdict in her favor.  She cannot defeat the plaintiff's motion merely by presenting a metaphysical doubt, conjecture or surmise concerning the facts.  *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Borthwick v. First Georgetown Securities, Inc.,* 892 F.2d 178, 181 (2d Cir.1989). Only disputes over facts which might affect the outcome of the suit under governing law preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

██ With certain exceptions, Vermont collects use tax whenever a motor vehicle is registered.  *See generally* 32 V.S.A. § 8903. The provision at issue here, 32 V.S.A. § 8911(8) provides an exception for family gift transfers where the donor had also registered the car in Vermont.  However, the exemption does not apply where the donor had registered the vehicle in another state. Stated differently, Vermont imposes a use tax on family transfers of vehicles coming

from outside the state, but it does not impose a similar tax on the same family transfer inside the state.

The plaintiff's challenge is not without precedent. In operation, § 8911(8) is reminiscent of the automobile taxation scheme found unconstitutional in *Williams v. Vermont,* 472 U.S. 14, 105 S.Ct. 2465, 86 L.Ed.2d 11 (1985).

*Williams* involved the use tax credit which Vermont granted to state residents who, when registering their car in Vermont, could show they had paid sales taxes to another state at the time of purchase. On its face, the statute at issue did not grant a similar tax credit to non-residents seeking to register their cars in Vermont. In language which is dispositive of the issue presently before the Court, the Supreme Court opined:

In the present case, residence at the time of purchase is a wholly arbitrary basis on which to distinguish among present Vermont registrants—at least among those who used their cars elsewhere before coming to Vermont. Having registered a car in Vermont they are similarly situated for all relevant purposes. Each is a Vermont resident, using a car in Vermont, with an equal obligation to pay for the maintenance and improvement of Vermont's roads. The purposes of the statute would be identically served, and with an identical burden, by taxing each. The distinction between them bears no relation to the statutory purpose.

*Id.* at 23–24, 105 S.Ct. at 2472 (footnote omitted).

Finding "no relevant difference between motor vehicle registrants who purchased their cars out-of-state while they were Vermont residents and those who only came to Vermont after buying a car elsewhere," *id.* at 27, 105 S.Ct. at 2474, the Court held Vermont's policy "to provide a credit only to those who were residents at the time they paid the sales tax to another State is an arbitrary distinction that violates the Equal Protection Clause." *Id.* at 22, 105 S.Ct. at 2471.

Similarly, regardless of where his automobile originated, the plaintiff in the instant action is a Vermont resident who, upon registering his vehicle, is entitled to the same tax exemption provided other similarly-situated Vermont residents. On its face, the exemption provided by 32 V.S.A. § 8911(8) violates the Equal Protection Clause.

■ Presumably, one rationale for the current use tax exemption is that the Vermont donor already paid the Vermont sales tax. However, use tax is a complement to the sales tax. *See Williams v. Vermont,* 472 U.S. at 24, 105 S.Ct. at 2472. "[T]he purpose of a such a sales-use tax scheme is to make all tangible property used or consumed in the State subject to a uniform tax burden irrespective of whether it is acquired within the State, making it subject to the sales tax, or from without the State, making it subject to a use tax at the same rate." *Halliburton Oil Well Co. v. Reily,* 373 U.S. 64, 66, 83 S.Ct. 1201, 1202, 10 L.Ed.2d 202 (1962). Accordingly, to properly analyze this exemption, the Court must consider the entire scheme of taxation. *Id.* at 69, 83 S.Ct. at 1205.

■ To ensure a state has not placed a discriminatory tax on interstate commerce, the Court must compare whether the taxes on substantially equivalent interstate and intrastate events impose equivalent burdens. *See Associated Industries of Missouri v. Lohman,* —— U.S. ——, ——, 114 S.Ct. 1815, 1821, 128 L.Ed.2d 639 (1994) (quotations omitted). "Where the use tax exceeds the sales tax, the discrepancy imposes a discriminatory burden on interstate commerce" and is therefore unconstitutional. *Id.*

For example, in *Barringer v. Griffes,* 1 F.3d 1331 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994), the Second Circuit found Vermont's motor vehicle purchase and use tax violated the Commerce Clause to the extent that the use tax was collected from out-of-state residents without crediting sales taxes they paid to other states while, at the same time, crediting Vermont residents with sales tax paid in Vermont. In determining the tax was not fairly-apportioned as required by *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), the Court aptly observed:

Consequently, there are no obstacles to our determining that the Vermont motor vehicle tax fails the internal consistency test and thus is not fairly apportioned. Applying the test demonstrates that if all the states employed Vermont's tax plan, an automobile registered in several states during its useful life would be taxed considerably more than a vehicle that spent its entire life in the same state. Absent a credit for taxes paid in other states, multiple taxation would heavily burden vehicles transported in interstate commerce, precisely the result the Commerce Clause was designed to prevent.

*Barringer,* 1 F.3d at 1337.

On its face § 8911(8) does not credit the non-resident for payment of a sales or use tax in another state. *Cf.* 32 V.S.A. § 8911(9). Comparing two transfers which are in all other ways the same, the participants in the transfer involving the out-of-state donor may pay more total tax on the same vehicle. For this reason, 32 V.S.A. § 8911(8) also violates the Commerce Clause.

### IV. Conclusion

The defendant's Motion to Dismiss (paper 10) is DENIED. The plaintiff's Motion for Summary Judgment (paper 8) is GRANTED. Title 32 V.S.A. § 8911(8) is declared unconstitutional and void to the extent that the use tax is collected from a Vermont resident solely because the donor's vehicle was registered in another state in the name of the donor prior to the transfer.

SO ORDERED.