**Craig MURRAY, Wilfred Lafountain, and Charmaine Adams, Plaintiffs,**

v.

**Patricia McDONALD, in her official capacity as Commissioner of Motor Vehicles, Defendant.**

No. 2:95–CV–379.

United States District Court,
D. Vermont.

Dec. 12, 1997.

Norman Charles Williams, Gravel and Shea, Burlington, VT, for Plaintiffs.

William Eugene Griffin, Vermont Attorney General's Office, Montpelier, VT, for Defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

In this suit for declaratory and injunctive relief brought under 42 U.S.C. § 1983, Plaintiff taxpayers claim that the Defendant Commissioner of Motor Vehicle's ("Commissioner's") refusal to pay interest on refunds of wrongfully collected motor vehicle use taxes violates the Just Compensation Clause of the Fifth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments. The Commissioner has moved to dismiss the suit, claiming that the Tax Injunc-

tion Act, 28 U.S.C. § 1341, deprives this Court of jurisdiction over the claim. For the reasons that follow, the Commissioner's motion is granted.

## I. *Factual Background*

This case is the latest in a series of lawsuits brought in the state and federal courts of Vermont which have launched constitutional attacks against various aspects of Vermont's motor vehicle purchase and use tax, set forth at Vt. Stat. Ann. tit. 32, chapter 219, § 8901–8923 (1991 and Supp.1997). The statute imposes a five percent sales tax on a Vermont resident's purchase of a motor vehicle in Vermont, and a five percent use tax is imposed when a motor vehicle is first registered in Vermont, unless the Vermont sales tax was paid. § 8903(a), (b). Certain vehicles and transfers of ownership are exempt from the tax. § 8911.

Prior to 1985, the statute afforded a tax credit to registrants who had bought cars in and paid sales tax to another State, provided the registrant was a Vermont citizen at the time the tax was paid. Vt. Stat. Ann. tit. 32, § 8911(9). Nonresident taxpayers who were not allowed a similar tax credit challenged the provision on several constitutional grounds, including claims that the provision violated the Commerce Clause and the Equal Protection Clause of the Fourteenth Amendment. In *Leverson v. Conway*, 144 Vt. 523, 481 A.2d 1029 (1984) and *Williams v. State*, 144 Vt. 649, 478 A.2d 993 (1984) (mem.), the Vermont Supreme Court upheld the tax credit provision and rejected the constitutional challenges.

The United States Supreme Court reversed the Vermont Supreme Court, holding that nonresident taxpayers who bought cars outside Vermont were denied equal protection of the laws. *Williams v. Vermont*, 472 U.S. 14, 16, 105 S.Ct. 2465, 2468, 86 L.Ed.2d 11 (1985).[1] In response to that decision, the

---

1. Following the United States Supreme Court's reversal and remand in *Williams*, the Vermont Supreme Court in turn remanded the case to the Superior Court of Washington County, whereupon the case was dismissed on grounds of sovereign immunity. On appeal, the Vermont Supreme Court affirmed, holding that the appropriate remedy for an unlawful motor vehicle tax collection was an administrative action pursuant to Vt. Stat. Ann. tit. 32, § 8914, rather than the original § 1983 action Williams brought in state superior court. *Williams v. State*, 156 Vt. 42, 56, 589 A.2d 840, 849 (1990), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991).

state issued regulations narrowing the statute to make the tax credit available only to Vermonters who purchased but did not register a vehicle in another state.

Nevertheless, a panel of the United States Court of Appeals for the Second Circuit, in *Barringer v. Griffes,* 1 F.3d 1331, 1339 (2d Cir.) (*Barringer II* ), cert. denied, 510 U.S. 1072, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994), held that the provision allowing collection of the use tax from out-of-state residents without crediting sales tax they may have paid to another state violated the Commerce Clause of the United States Constitution. In the wake of that decision, the Vermont Legislature passed Act 223, which required the Commissioner to refund without interest wrongfully assessed use tax collected after August 31, 1980. Act of June 20, 1994, No. 223, 1994 Vt. Acts & Resolves. Act 223 provided that "[a]ny person aggrieved by a decision of the commissioner to grant or refuse to grant a refund" could appeal the decision to small claims court. *Id.* at Sec. 4. Appeal from small claims court is to superior court; appeal from the superior court to the Vermont Supreme Court is discretionary. Vt. Stat. Ann. tit. 12, § 5538 (Supp.1997).

Several taxpayers' applications for refunds had been unsuccessful at the administrative level and were pending on appeal to the Superior Court when Act 223 was passed. *See In re Williams,* No. S0117–94CnC (Vt.Super. May 5, 1995); *Christensen v. McDonald,* No. S1247–93CnC (Vt.Super. May 5, 1995). The taxpayers received their refunds, but challenged the nonpayment of interest on statutory and constitutional grounds. When the Superior Court refused to award interest, the plaintiffs appealed. On November 15, 1996 the Vermont Supreme Court held that the failure to pay interest on the unconstitutionally assessed tax was neither a taking nor a denial of due process under the United States Constitution. *In re Williams,* 686 A.2d 964, 965–66 (Vt.1996), cert. denied, —— U.S. ——, 117 S.Ct. 2432, 138 L.Ed.2d 193 (1997).

Against this backdrop, the plaintiffs in the instant case make the same claims in federal court: that Vermont's refusal to allow interest on motor vehicle tax refunds violates the Just Compensation Clause and the Due Process Clause of the United States Constitution. The Commissioner has moved to dismiss the action, arguing that the Tax Injunction Act forbids these claims from being litigated in this Court.

## II. *Discussion*

■ The Tax Injunction Act states: "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. This provision applies to suits for declaratory as well as injunctive relief. *California v. Grace Brethren Church,* 457 U.S. 393, 408–11, 102 S.Ct. 2498, 2507–09, 73 L.Ed.2d 93 (1982). The statute " 'has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations.' " *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981) (quoting *Tully v. Griffin, Inc.,* 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976)). A remedy that is uncertain or speculative will not bar federal jurisdiction, but the mere speculation that state courts will not hear constitutional arguments does not render the Act inapplicable. *Franchise Tax Bd. v. Alcan Aluminium Ltd.,* 493 U.S. 331, 340–41, 110 S.Ct. 661, 667–68, 107 L.Ed.2d 696 (1990).

Plaintiffs argue first that the plain language of the statute does not apply to bar this suit, because their suit does not seek to enjoin the "assessment, levy or collection" of a tax, but instead seeks to enjoin the practice of providing tax refunds without interest. Courts have not read the Tax Injunction Act so narrowly, however.

The United States Supreme Court has characterized the Tax Injunction Act as "one manifestation" of Congress's "aversion to federal interference with state tax administration" in general. *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 586, 115 S.Ct. 2351, 2354, 132 L.Ed.2d 509 (1995). *See also California v. Grace Brethren Church,* 457 U.S. at 409–10, nn. 22–23, 102 S.Ct. at 2508–09, nn. 22–23 (Congress intended to divest federal courts of jurisdiction to interfere with state tax administration; Supreme Court has long-

standing recognition of dangers of disrupting administration of state tax systems); *Franchise Tax Bd.*, 493 U.S. at 338, 110 S.Ct. at 665, and *Rosewell*, 450 U.S. at 522, 101 S.Ct. at 1233 (statute enacted "in recognition of imperative need of a State to administer its own fiscal operations," both quoting *Tully*, 429 U.S. at 73, 97 S.Ct. at 222); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 108, 102 S.Ct. 177, 181, 70 L.Ed.2d 271 (1981) (federal courts should deny injunctive relief in cases involving state fiscal operations where federal right may be preserved without it, quoting *Matthews v. Rodgers*, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932)).

■ Although the text of § 1341 does not mention tax refunds specifically, it is generally recognized that federal suits for state tax refunds are barred by the Act. *Pryzina v. Ley*, 813 F.2d 821, 823 (7th Cir.1987); *Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1236 (9th Cir.1984); *Cities Service Gas Co. v. Oklahoma Tax Comm'n*, 656 F.2d 584, 586 (10th Cir.1981); *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.1979). Challenges to tax refund procedures have likewise been barred by the Tax Injunction Act in several jurisdictions. *See, e.g., MRT Exploration Co. v. McNamara*, 731 F.2d 260, 263 (5th Cir.1984) (policy of § 1341 would be frustrated by allowing challenge to refund suit procedures while prohibiting challenges to tax itself); *Ludwin v. City of Cambridge*, 592 F.2d 606, 608–09 (1st Cir.1979) (challenge to refund procedure requirements was in essence an attack upon the tax assessment); *Francis E. Goodman, P.C. v. Burris*, 695 F.Supp. 973, 974 (N.D.Ill. 1988) (complaint of delay in processing refund a direct attack on state refund policy).

■ The allowance of or refusal to pay interest on a tax refund is inescapably an integral part of state tax administration. *See In re Williams*, 686 A.2d at 967 (Morse, J. concurring) (providing for tax refund without interest a legitimate means of conserving scarce fiscal resources). Consequently, a federal suit challenging the refusal to pay interest is barred by the Tax Injunction Act

unless Plaintiffs have no plain, speedy and efficient remedy in the state court. Plaintiffs argue second that the state has not provided a plain, speedy and efficient judicial remedy, citing *Barringer v. Griffes*, 964 F.2d 1278 (2d Cir.1992) (*Barringer I*) and *Pawa v. McDonald*, 921 F.Supp. 227 (D.Vt.1996).

A "plain, speedy and efficient remedy" must satisfy "certain minimal procedural criteria" in order to pass constitutional muster. *Rosewell*, 450 U.S. at 512, 101 S.Ct. at 1228. A refund procedure must provide the taxpayer with a "full hearing and judicial determination" at which any and all constitutional objections may be raised. *Id.* at 514, 101 S.Ct. at 1229. The taxpayer in *Rosewell* challenged her property tax assessment, but after an unsuccessful administrative appeal sought injunctive relief in federal court, alleging a denial of due process and equal protection. The Supreme Court held that the Tax Injunction Act barred her suit, because the state refund procedure provided a plain, speedy and efficient remedy, despite average delays of two years, and no interest awarded on the refunded amount. *Id.* at 528, 101 S.Ct. at 1236.[2]

In *Barringer I*, the Second Circuit held that Vermont's procedure for refunds of overpayments of its motor vehicle purchase and use tax pursuant to Vt. Stat. Ann. tit. 32, § 8914 did not provide a plain, speedy and efficient remedy to taxpayers. 964 F.2d at 1284. The Court examined the "protracted saga" of constitutional challenges to Vermont's motor vehicle use tax, and expressed doubt that the taxpayers could receive an adequate hearing at the administrative level, because the Commissioner is not authorized to rule upon the constitutionality of the statute she administers. In addition, the Court was doubtful whether taxpayers could obtain judicial review, because it was not clear that a refund claim under section 8914 was a "contested case" under the state Administrative Procedure Act, entitling an aggrieved party to review in the state supreme court. *Id.* at 1282–83.

In *Pawa*, a Vermont resident taxpayer challenged as discriminatory a provision of

---

**2.** The Supreme Court in *Rosewell* specifically did not address whether interest on wrongfully assessed taxes is constitutionally required, the issue the Plaintiffs seek to resolve here. The taxpayer

plaintiff in *Rosewell* alleged only that the state's remedy was constitutionally inadequate due to the delay in receiving refunds coupled with the failure to pay interest.

the motor vehicle use tax which afforded an exemption from payment for residents who received vehicles as gifts from resident family members, but did not afford the exemption to residents who received vehicles as gifts from non-resident family members. Relying on *Barringer I*, the district court held that the Tax Injunction Act did not bar the federal suit. 921 F.Supp. at 229.

Both *Barringer I* and *Pawa* dealt with challenges to the constitutionality of statutory exceptions to the motor vehicle use tax, Sections 8911(8) and 8911(9) of Title 32, Vermont Statutes Annotated. The taxpayers' remedy for wrongful payment of the tax was to seek a refund of the tax administratively, pursuant to Section 8914, a procedure the Second Circuit found inadequate to bar federal jurisdiction in *Barringer I*. In contrast, Plaintiffs in the instant case challenge the constitutionality of Act 223, a measure enacted solely to create a procedure for providing refunds to motor vehicle registrants who had paid sales or use tax to another state under a portion of the statute subsequently ruled unconstitutional. The statute specifically provides for judicial review of the Commissioner's decision in small claims court, followed by review in the superior court. *See* Act 223, Sec. 4; Vt. Stat. Ann. tit. 12 § 5538. Although the Commissioner is not empowered to rule upon the facial constitutionality of Act 223, *see Williams*, 156 Vt. at 53, 589 A.2d 840, upon appeal to the courts for review of the Commissioner's decision, these same constitutional questions have been raised and ruled upon. See *In re Williams*, 686 A.2d at 965–66, in which applicants for refunds were awarded refunds by the Commissioner, appealed the denial of an award of interest, and received a judicial determination of their constitutional claims.[3] Thus the uncertainty concerning the adequacy of the state remedy voiced by the Second Circuit in *Barringer I* has been dispelled by the state courts' subsequent actions in similar cases, and Plaintiffs are not now able to "demonstrate[] that their remedy is uncertain." *Franchise Tax Bd. v. Alcan*, 493 U.S. at 340, 110 S.Ct. at 667.

Plaintiffs also argue that their state remedy is inadequate because appeal to the Vermont Supreme Court from an appellate decision of the superior court is discretionary. *See* Vt. Stat. Ann. tit. 12, § 5538. The state remedy, however, need only provide for review by a state appellate court, not necessarily the state's highest court. *California v. Grace Brethren Church*, 457 U.S. at 414, 102 S.Ct. at 2510.

Because Act 223 provided the Plaintiffs with the opportunity for a full hearing and a judicial determination of their constitutional objections to the refund procedure, and because it authorized appeal to higher state courts, the Plaintiffs had a plain, speedy and efficient remedy available to them in the state court. The Tax Injunction Act, 28 U.S.C. § 1341, therefore deprives this Court of jurisdiction over this action. The Commissioner's Motion to Dismiss (papers 13, 22) is GRANTED.

---

**3.** Although these consolidated cases were initiated pursuant to section 8914, Act 223 was passed while the suits were pending in the state superior court. On appeal from its denial of an award of interest, the Vermont Supreme Court held that payment of interest on tax refunds was not required by statute or by the federal constitution. *In re Williams*, 686 A.2d at 965–66.