# Joyce Westover, Michael Okuszki and Alvina Okuszki v. Village of Barton Electric Dept.

[543 A.2d 698]

No. 84-452

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,*  JJ.**

Opinion Filed February 26, 1988

*John Hall*, Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiffs-Appellees.

*Dinah Yessne*, Montpelier, for Plaintiff-Appellee Department of Public Service.

*May, Davies & Franco*, Barton, for Defendant-Appellant.

*Ralph W. Howe III* of *Paterson, Walke & Pratt, P.C.*, and *McKee, Giuliani & Cleveland*, Montpelier, for amici curiae Village of Hardwick Electric Department, Village of Morrisville Water & Light Department, and Vermont League of Cities and Towns.

---

* Justice Hayes was present for oral argument, but did not participate in the decision.

**Allen, C.J.** Defendant Village of Barton Electric Department (Village) appeals an order of the Public Service Board (Board) that, among other things, enjoins the Village from placing liens on plaintiffs/landlords' real property in its attempts to collect unpaid utility bills of their former tenants. The Board based its injunction on a ruling that the lien provisions of the Village's statutory charter are unconstitutional. We hold that the Board is without jurisdiction to rule upon the constitutionality of statutes, and we vacate that portion of its order.

The underlying dispute arose when the Village notified plaintiffs, who own rental properties in Barton, that former tenants had left unpaid electrical service bills. The Village sought to collect the amounts due from plaintiffs, threatening to refuse further service and to treat the bills as liens. Under the Village's charter, outstanding utility bills are:

> [C]hargeable to, and may be collected of, the owners of the property supplied with [electricity] . . . and shall be a lien in the nature of a tax upon any real estate so supplied, wherever located, whether such . . . charges be charged in the first instance against the owner or occupant thereof, and may be collected in the same manner as any tax.

Plaintiffs petitioned the Board for declaratory and injunctive relief, arguing that disconnection in these circumstances would be a statutory violation and that the lien provisions of the Village charter are unconstitutional. The Board agreed with both of these contentions and issued the injunction.

On appeal, the issues are limited to the Board's judgment regarding the lien provisions, and the threshold question is jurisdictional. The Village maintains that the Board, as an administrative tribunal, exceeded its authority in ruling upon the constitutionality of the statutory charter. We agree.

The United States Supreme Court has invoked the "principle that '[a]djudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies.' " *Johnson* v. *Robison*, 415 U.S. 361, 368 (1974) (quoting *Oestereich* v. *Selective Service Board*, 393 U.S. 233, 242 (1968) (Harlan, J., concurring in result)). Moreover, the great majority of state courts have held that administrative agencies have no power to determine the constitutional validity of statutes. See *Flint River Mills* v. *Henry*, 234 Ga. 385, 386, 216

S.E.2d 895, 896-97 (1975); *Wronski* v. *Sun Oil Co.*, 108 Mich. App. 178, 187, 310 N.W.2d 321, 324 (1981); *Jarussi* v. *Board of Trustees of School Dist. No. 28*, 204 Mont. 131, 664 P.2d 316 (1983); *First Bank of Buffalo* v. *Conrad*, 350 N.W.2d 580, 584-85 (N.D. 1984); *Bare* v. *Gorton*, 84 Wash. 2d 380, 383, 526 P.2d 379, 381 (1974); see also 4 K. Davis, Administrative Law Treatise § 26:6 (2d ed. 1983). But cf. *Christian Brothers Institute* v. *Northern New Jersey Interscholastic League*, 86 N.J. 409, 416, 432 A.2d 26, 29 (1981) (administrative bodies authorized to rule on constitutional issues where relevant and necessary to resolve question concededly within their jurisdiction). "To make the system of administrative agencies function the agencies must assume the law to be valid until judicial determination to the contrary has been made." *First Bank of Buffalo*, 350 N.W.2d at 585.

■ In support of the Board's assumption of jurisdiction, plaintiffs emphasize the language of the statutory scheme. 30 V.S.A. § 208, for example, provides that a complaint may be made to the Board concerning "any claimed unlawful act" of a company subject to the Board's supervision. Section 209(a)(6) of that same title gives the Board jurisdiction to restrain "violations of law" and "unjust discriminations." Plaintiffs also note this Court's observation that "[t]he legislature has clothed [the Board] with judicial power . . . ." *North* v. *City of Burlington Electric Light Department*, 125 Vt. 240, 242, 214 A.2d 82, 84 (1965). But *North* goes on to state that this judicial power is to be used "to entertain proceedings and *determine the facts upon which the existing laws shall operate* . . . ." *Id.* (emphasis added). In the earlier case of *Trybulski* v. *Bellows Falls Hydro-Electric Corp.*, 112 Vt. 1, 20 A.2d 117 (1941), we elaborated upon the public service commission's role:

> The public service commission is an administrative body, clothed in some respects with *quasi* judicial functions . . . and having, in a sense, auxiliary or subordinate legislative powers which have been delegated to it by the General Assembly. It is a body exercising special and statutory powers not according to the course of the common law, as to which nothing will be presumed in favor of its jurisdiction. *It only has such powers as are expressly conferred upon it by the Legislature*, together with such incidental powers expressly granted or necessarily implied as are necessary to the full

exercise of those granted, and *it is merely an administrative board created by the State for carrying into effect the will of the State as expressed by its legislation.*

*Id.* at 7, 20 A.2d at 120 (emphasis added) (citations omitted). Here, we find no grant of power in the statutory scheme, either express or implied, to determine the constitutional validity of statutes. Moreover, because administrative agencies are created to carry out statutory purposes, the legislature could not have intended that the Board would be able to question the very validity of its enactments.

Our conclusion is grounded on more basic considerations than those of statutory language or legislative intent, however. Chapter II, § 5 of the Vermont Constitution mandates: "The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others." This provision does not require "absolute separation of functions" among the branches of government, *Trybulski*, 112 Vt. at 6, 20 A.2d at 119-20, but we believe that the power to decide constitutional issues is vested in the courts. We therefore hold that the Board was without authority to determine the validity of the Barton Village charter and that its order is void to the extent that it addresses the charter's lien provisions.

Finally, we note that plaintiffs are not without a forum in which to bring their constitutional claims. Under the provisions of 12 V.S.A. § 4711, a declaratory judgment on the constitutional questions could be sought in the superior court. Exhaustion of administrative remedies is not required in such a situation. See *Jarussi*, 204 Mont. 131, 664 P.2d 316; see also *Flanders Lumber & Building Supply Co. v. Town of Milton*, 128 Vt. 38, 44, 258 A.2d 804, 808 (1969) (question of law or of zoning board's jurisdiction may be decided by declaratory judgment before administrative alternatives have been invoked or exhausted).

*Paragraphs 3 and 4 of the Board's order are vacated, the remainder of the order to remain in full force and effect.*