Greg R. **BARRINGER**; Judith M. Barringer, Plaintiffs–Appellants,

v.

Michael D. **GRIFFES,** Defendant–Appellee.

No. 839, Docket 91–7902.

United States Court of Appeals, Second Circuit.

Argued Jan. 22, 1992.

Decided May 18, 1992.

---

Norman Charles Williams, Burlington, Vt. (Gravel & Shea, Jerome F. O'Neill, O'Neill and Crawford, of counsel) for plaintiffs-appellants.

William Griffin, Chief Asst. Atty. Gen., Montpelier, Vt. (Jeffrey L. Amestoy, Atty. Gen., Atty. General's Office, State of Vermont, of counsel) for defendant-appellee.

Before: NEWMAN and KEARSE, Circuit Judges, and CEDARBAUM, District Judge.[*]

CEDARBAUM, District Judge:

This appeal presents the question whether the courts of Vermont afford automobile owners who challenge the constitutionality of the state's motor vehicle use tax a "plain, speedy and efficient" remedy within the meaning of the Tax Injunction Act, 28 U.S.C. § 1341 (1988).

### THE FACTS

In 1988, Greg and Judith Barringer, who were residents of Connecticut, purchased a Mazda automobile and paid the 7.5 percent Connecticut sales tax. In 1990, they moved to Vermont where they were required to pay a tax of four percent of the value of their automobile upon first registering it in the state. *See* Vt.Stat.Ann. tit. 32, § 8903(b) (1981 & Supp.1989).

The Barringers refused to pay the tax and filed this action in federal court, alleging that imposition of the Vermont motor vehicle use tax violates their rights under 42 U.S.C. § 1983 (1988) and the Commerce Clause of the United States Constitution because it does not grant all motor vehicle registrants a credit for sales tax previously paid in another state.[1]  Concluding that

---

[*] Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

1. Vermont residents who purchase cars and pay sales tax in another state, but do not register

Vermont's administrative tax refund procedure, Vt.Stat.Ann. tit. 32, § 8914 (1981), provides a plain, speedy and efficient remedy, and that therefore, the Tax Injunction Act, 28 U.S.C. § 1341, precludes the Barringers from litigating these claims in federal court, the district court dismissed the complaint. For the reasons discussed below, we disagree.

## DISCUSSION

█ The Tax Injunction Act prohibits federal courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act prohibits declaratory as well as injunctive relief. *California v. Grace Brethren Church*, 457 U.S. 393, 408–11, 102 S.Ct. 2498, 2507–08, 73 L.Ed.2d 93 (1982). To come within the statutory ban, the remedy available in the state courts must provide the taxpayer with a " 'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections to the tax." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n. 19, 101 S.Ct. 1221, 1232 n. 19, 67 L.Ed.2d 464 (1981).

The district court held that the courts of Vermont offer a plain, speedy and efficient state remedy because the Vermont motor vehicle tax refund statute, Vt.Stat.Ann. tit. 32, § 8914, "provides a judicially-reviewable administrative procedure to recover taxes wrongfully exacted by the state, including taxes subsequently found to have been levied in violation of the Constitution." Opinion and Order at 2 (citing *Williams v. State*, 156 Vt. 42, 589 A.2d 840 (1990), *reh'g denied*, 156 Vt. 42, 589 A.2d 840, *cert. denied*, ⸺ U.S. ⸺, 112 S.Ct. 81, 116 L.Ed.2d 54 and *cert. denied*, ⸺ U.S. ⸺, 112 S.Ct. 590, 116 L.Ed.2d 614 (1991)). Section 8914 provides that "[a]ny overpayment of [a motor vehicle] tax as determined by the commissioner shall be refunded."

Both appellee and the district court rely upon *Williams* to establish that the Commissioner can and will hear the Barringers' constitutional challenge to the tax. Prior to the Vermont Supreme Court's decision in *Williams*, Vermont law prohibited the Commissioner from deciding the constitutionality of a state tax. *See Westover v. Village of Barton Elec. Dep't*, 149 Vt. 356, 359, 543 A.2d 698, 700 (1988). Thus, when the taxpayers in *Williams* applied to the Commissioner for a refund of the same motor vehicle use tax challenged by the Barringers on the ground that it violated the United States Constitution, the Department of Motor Vehicles denied the application because it felt constrained to assume the constitutionality of the state tax statute. *Williams*, 589 A.2d at 842.

█ A state court remedy is not "plain" within the meaning of the Tax Injunction Act if there is such uncertainty concerning the state remedy "as to make it speculative ... whether the State affords full protection to the federal rights." *Hillsborough v. Cromwell*, 326 U.S. 620, 625, 66 S.Ct. 445, 449, 90 L.Ed. 358 (1946). Therefore, the central question before us is whether the Vermont Supreme Court's decision in *Williams* provides sufficient certainty that the Commissioner, despite his previous refusal, can and will decide a constitutional challenge to the motor vehicle use tax and that his decision will be subject to review in the courts of Vermont.

█ The *Williams* case presents a protracted saga of unsuccessful efforts by Vermont taxpayers to raise constitutional challenges to the motor vehicle use tax. Like the Barringers, Norman Williams purchased a car and paid sales tax in another state before moving to Vermont in 1981.[2] Williams filed suit in federal court under 42 U.S.C. § 1983 to enjoin enforcement of the

---

their cars outside Vermont, receive a tax credit equal to the amount of the tax paid outside Vermont. 32 Vt.Stat.Ann. tit. 32, § 8911(9) (1981).

**2.** In addition to representing himself *pro se* in *Williams*, Norman Williams represents appellants in the current action.

Vermont use tax. The suit was dismissed under the Tax Injunction Act and Williams dutifully sought relief from the Department of Motor Vehicles.

He paid the motor vehicle use tax and requested that the state grant him a refund under section 8914. The Commissioner denied the refund because, as stated in *Westover*, 149 Vt. at 359, 543 A.2d at 700, the Vermont Constitution's separation of powers requires that "the power to decide constitutional issues [be] vested in the courts." Williams proceeded to state superior court where he filed an action under 42 U.S.C. § 1983. He alleged that because the use tax did not apply to individuals who were Vermont residents at the time that they purchased their cars in another state, it violated the Commerce Clause and the Equal Protection Clause of the Fourteenth Amendment. The superior court held that the statute was constitutional and granted the state's motion to dismiss.

Williams appealed to the Vermont Supreme Court, which affirmed on the basis of its opinion in *Leverson v. Conway*, 144 Vt. 523, 481 A.2d 1029 (1984). In *Leverson*, the Vermont Supreme Court had rejected both a commerce clause challenge and an equal protection clause challenge to the use tax by new residents of Vermont.

Williams then appealed to the United States Supreme Court, which reversed and remanded the case to the Vermont Supreme Court. The United States Supreme Court held that when the Vermont statute was "viewed on its face, [Williams had] stated a claim of unconstitutional discrimination." 472 U.S. 14, 28, 105 S.Ct. 2465, 86 L.Ed.2d 11 (1985). The Court confined its decision to the equal protection claim and declined to consider the commerce clause challenge, noting that "[w]e again put to one side the question whether a State must in all circumstances credit sales or use taxes paid to another State against its own use tax." *Id.*

On remand, the Vermont Supreme Court sent the case back to the superior court. For the first time, the state raised the defense of sovereign immunity, and the superior court held that a suit for refund of the use tax was barred by sovereign immunity. The court also held that Williams was not entitled to declaratory relief because the equal protection issue was moot in light of a 1986 regulation adopted by the Department of Motor Vehicles in response to the United States Supreme Court's 1985 decision.[3]

Williams appealed to the Vermont Supreme Court, which affirmed the dismissal of the complaint but vacated the superior court's ruling on declaratory relief. *Williams v. State*, 156 Vt. 42, 589 A.2d 840 (1990), *reh'g denied*, 156 Vt. 42, 589 A.2d 840, *cert. denied*, —— U.S. ——, 112 S.Ct. 81; 116 L.Ed.2d 54, and *cert. denied*, —— U.S. ——, 112 S.Ct. 590, 116 L.Ed.2d 614 (1991). The Vermont Supreme Court held that the state's assertion of sovereign immunity did not violate taxpayers' due process rights because section 8914 provides an administrative procedure to decide their claims. *Id.* 589 A.2d at 847. The court also held that since the taxpayers wanted a refund of the tax and the superior court lacked jurisdiction to award a refund without a waiver of sovereign immunity, a declaratory judgment would be merely advisory and the courts of Vermont are not empowered to render advisory opinions for the sole purpose of aiding the resolution of a dispute that belongs in another tribunal. *Id.* at 850. The court noted that, in any event, there was no justiciable controversy because the taxpayers were unlikely again to move to another state, purchase a car, and move back to Vermont. *Id.* at 851.

The Commissioner argues that the Vermont Supreme Court's opinion in the *Williams* case confirmed his jurisdiction pursuant to section 8914 to hear the Bar-

---

**3.** The new regulation, issued by the Department of Motor Vehicles in 1986, sought to rectify the equal protection problem by denying a Vermont use tax credit to Vermont residents who both purchase and register their cars in other states.

ringers' constitutional claim. (Brief of Appellee at 3.) But, the following statement in *Williams* casts serious doubt on that position:

> Prior to the United States Supreme Court's decision [in *Williams* ], the remedy provided by § 8914 was not available to Williams and Levine to the extent they challenged the facial validity of § 8903, because the Commissioner of Motor Vehicles is not authorized to rule upon the constitutionality of the *statutes* he is bound to administer. [citation omitted] Nevertheless, after the Supreme Court's ruling that the use tax statute is facially unconstitutional, a complaint to the Commissioner under § 8914 would not have been futile. The Commissioner at that point would not have been required to address the constitutionality of the statute, for that question had been decided.

*Williams*, 589 A.2d at 847 (emphasis in original). After the Vermont Supreme Court's decision in *Williams*, the Commissioner may have the power to decide whether his department's manner of administering a tax statute is unconstitutional, but apparently he remains devoid of power to consider the Barringers' claim that the tax statute itself is facially unconstitutional. The Vermont Supreme Court's decision in *Williams* rests on the premise that the Commissioner would not be required to address the constitutionality of the statute because the case had been remanded from the United States Supreme Court which had already held the motor vehicle use tax facially invalid under the Equal Protection Clause. The United States Supreme Court, however, has never passed on the validity of the Vermont motor vehicle use tax under the Commerce Clause. Therefore, the Barringers would present the Commissioner with a Commerce Clause challenge to the facial validity of the use tax, a question which has not been decided and upon which the Commissioner apparently is not authorized to rule according to the *Williams* court.

*Alexander v. Town of Barton*, cited by the *Williams* court and by the Commissioner, confirms that Vermont "administrative agencies have no power to determine the constitutional validity of statutes." 152 Vt. 148, 151, 565 A.2d 1294, 1296 (1989). In *Alexander*, the court held that the State Board of Appraisers was authorized to decide whether a town's property reappraisal methods complied with the Vermont Constitution. The *Alexander* court carefully distinguished the case before it by noting that "[t]his case ... put the [administrative agency] in the position of judging the constitutionality of a listing practice pursuant to a statute, 32 V.S.A. § 4467, that specifically requires the [administrative agency] to 'take into account' the applicable provisions of the United States and Vermont Constitution[s]." *Id.*

The Barringers do not challenge a practice pursuant to a statute; they challenge the constitutionality of the statute itself. In addition, unlike the statute which "specifically commanded" the Board of Appraisers to consider the United States Constitution, the Vermont motor vehicle tax refund provision, Vt.Stat.Ann. tit. 32, § 8914, neither commands nor grants the Commissioner authority to take into account the United States Constitution. Thus, *Williams* and *Alexander* do not dispel uncertainty concerning the adequacy of section 8914 as a remedy for the Barringers' challenge to the validity of the motor vehicle use tax.

In addition to uncertainty about whether the Commissioner can consider the Barringers' constitutional challenge, the availability of judicial review of a section 8914 hearing is also in doubt. To be plain, speedy and efficient, a state remedy must not only provide a full hearing, it must furnish a judicial determination. *See Hillsborough*, 326 U.S. at 625–26, 66 S.Ct. at 449 (remedy not adequate where judicial review of administrative hearing was purely discretionary by writ of certiorari). Even if the Commissioner were to grant the Barringers a hearing of their tax refund request, this would not, under Vermont law, assure judicial review of the administrative determination. The Vermont Administrative Procedure Act provides that "[a] person

who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the [Vermont] supreme court." Vt.Stat.Ann. tit. 3, § 815(a) (1985). A "contested case" is "a proceeding ... in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." Vt.Stat.Ann. tit. 3, § 801(b)(2) (1985). Thus, unless a hearing is required by either a statutory scheme or agency regulations, there is no right to judicial review, even if an administrative decision is rendered. *See Reed v. Department of Pub. Safety*, 137 Vt. 9, 398 A.2d 301 (1979) (no hearing required and therefore no right of judicial review of Department of Public Safety employee grievances); *Fitzpatrick v. Vermont State Retirement Sys.*, 136 Vt. 510, 394 A.2d 1138 (1978) (no hearing required and therefore no right of review of administrative decision not to credit retirement account).

The Commissioner argues that the Vermont Supreme Court's interpretation in *Williams* of the United States Supreme Court's holding in *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), establishes that he is required by law to grant the Barringers a hearing on a refund claim. The *Williams* court acknowledged that *McKesson* overruled a portion of the Vermont Supreme Court's opinion in *American Trucking Associations v. Conway*, 146 Vt. 579, 508 A.2d 408 (1986). In *American Trucking*, the Vermont Supreme Court had held that sovereign immunity barred a refund of a state fee that the court expressly recognized had been collected in violation of the Commerce Clause of the United States Constitution. Four years after the *American Trucking* decision, in *McKesson*, the United States Supreme Court held that "if a State penalizes taxpayers for failure to remit their taxes in a timely fashion, thus requiring them to pay first and obtain review of the

tax's validity later in a refund action, the Due Process Clause requires the State to afford taxpayers a meaningful opportunity to secure postpayment relief for taxes already paid pursuant to a tax scheme ultimately found unconstitutional." 496 U.S. at 22, 110 S.Ct. at 2242. In *Williams*, the court held that *McKesson* requires Vermont to waive sovereign immunity in some respect so as to provide a remedy to permit recoupment of unconstitutionally exacted taxes. *Williams*, 589 A.2d at 848. However, the court carefully noted that even after *McKesson*, a state "may choose, and limit, the remedy, so long as it comports with due process principles." *Id.* at 849. The *Williams* court concluded that Vermont has complied with *McKesson* by providing the section 8914 administrative refund procedure, but still has not, and need not, waive sovereign immunity in a plenary suit for a refund.

The Commissioner argues that if a hearing pursuant to section 8914 is required by the United States Constitution, it is a "contested proceeding," and, under the Vermont Administrative Procedure Act, may be appealed directly to the Vermont Supreme Court.

We remain troubled by the lack of assurance that the Barringers will obtain judicial review in Vermont courts. The Commissioner cites one case in which the Vermont Supreme Court reviewed his final determination in a tax assessment action. *See In re Kelsot*, 152 Vt. 579, 568 A.2d 378 (1989). However, he does not point to any instance in which the Vermont Supreme Court has reviewed his determination in a tax refund action based upon a constitutional claim. Nor does he cite any authority to establish that a tax refund hearing required by due process would be a "contested case" within the meaning of Vt.Stat.Ann. tit. 3, § 801(b)(2).

Moreover, even if the Vermont courts would review the Commissioner's administrative decision, it is not clear that the scope of this judicial review would satisfy the requirements of the Tax Injunction Act. Because the Commissioner apparently cannot consider the constitutional validity of

the tax statute, judicial review of his decision may be limited to the matters actually decided which would not afford full protection to the Barringers' constitutional rights.

Like Sisyphus, Vermont taxpayers have labored to bring their constitutional claims to the pinnacle of judicial review, only to be turned away from the Vermont courts when a disposition of the claims seemed near. A careful reading of the opinion in *Williams* leaves the reader with the uneasy feeling that if there is a judicial remedy available to the Barringers in Vermont, it cannot fairly be said to be plain.

Accordingly, the Tax Injunction Act does not bar a federal district court from exercising jurisdiction over this action. The order dismissing the complaint is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.