## Harold HEBERT v. STATE of Vermont, et al.

[679 A.2d 887]

No. 95-121

April 18, 1996. Plaintiff, the administrator of the estate of Rose Ann LaPlant, who committed suicide in 1991 while incarcerated at the Chittenden Community Correctional Center, brought suit against the State of Vermont and several corrections employees and officials under the Vermont Tort Claims Act, 12 V.S.A. § 5601, and 42 U.S.C. § 1983. Defendants moved for judgment on the pleadings on the ground that both the State and the individual defendants had immunity from suit. The trial court denied the motion, holding that 12 V.S.A. § 5601 permitted the suit against the State, and that the individual defendants could be sued in their personal capacities under 42 U.S.C. § 1983. Defendants sought and received permission to file an interlocutory appeal. We affirm in part and reverse in part.

A court should grant a motion for judgment on the pleadings only if the movant is entitled to judgment as a matter of law on the basis of the pleadings. *Bressler v. Keller*, 139 Vt. 401, 403, 429 A.2d 1306, 1307 (1981). "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Id.*; *Thayer v. Herdt*, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990). Defendants may not prevail on the motion for judgment on the pleadings if plaintiff's pleadings contain allegations that would permit recovery if proven. *Thayer*, 155 Vt. at 456, 586 A.2d at 1126.

## I.

We first consider the argument that sovereign immunity protects the State

from suit under these circumstances. The State relies on our decision in *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 622 A.2d 495 (1993), where we held that 12 V.S.A. § 5601 permits actions against the State "only if 'a plaintiff's cause of action [is] "comparable" to a "cause of action against a private citizen."'" *Id.* at 486, 622 A.2d at 498 (quoting *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988)). The State argues that there is no private analog to the "purely governmental function to imprison."

In *Sabia v. State*, 164 Vt. 293, 669 A.2d 1187 (1995), we clarified our analysis of sovereign immunity and 12 V.S.A. § 5601. In *Sabia*, we first considered whether the Department of Social and Rehabilitation Services (SRS) had a statutory duty of care to protect the plaintiffs, children who had been abused by their stepfather. Having found a statutory duty, we then looked for an analogous cause of action against a private individual. We rejected as "too narrow[]" SRS's argument that no private analog existed because only the government can remove children from their homes. *Id.* at 301, 669 A.2d at 1193. Instead, we asked whether "a private analog exist[ed] for an action based on SRS's failure to perform its statutory duty to assist children seeking protection from reported and substantiated abuse." *Id.* We found a private analog under the common-law tort principle that a person who undertakes to provide necessary services to another may be "subject to liability for physical harm resulting from negligent performance of the undertaking." *Id.* at 303, 669 A.2d at 1194.

Here, the trial court found that a statutory duty to prevent inmate suicides arose from 28 V.S.A. § 601(3), which requires supervisors "[t]o take proper measures to protect the safety of the inmates," and 28 V.S.A. § 801(a), which requires the Corrections Department to "provide health care for inmates in accordance with the prevailing medical standards." The State does not challenge the trial court's holding as to the statutory duty, but relies solely on the argument that no private analog exists to the governmental power to imprison.

As in *Sabia*, this argument is based on an overly narrow construction of plaintiff's claim. Plaintiff's complaint does not arise out of LaPlant's arrest or imprisonment, but out of defendants' alleged failure to provide for her safety while she was in custody. Even if incarceration is a "uniquely governmental" function, a number of private persons and institutions are charged with the care of persons in their custody. As the trial court found, the State's obligation to LaPlant was analogous to that of a private institution with custody over a person at risk of suicide. See *LaShay v. Department of Social & Rehabilitation Servs.*, 160 Vt. 60, 68-69, 625 A.2d 224, 229 (1993) (analogizing SRS's delegation of care of child in custody to private persons who entrust children to babysitters, daycare workers, and teachers). We conclude that a private analog with respect to the State of Vermont exists under the facts of this case.

## II.

Defendants also challenge the trial court's holding that the doctrine of qualified immunity does not protect defendant Patrisi, then Commissioner of Corrections, and defendant Robinson, then Superintendent of the Chittenden Community Correctional Center, from suit under 42 U.S.C. § 1983. Under federal law, the doctrine of qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the United States Supreme Court held that a prisoner's constitutional rights were violated where the jailers

exhibited a "deliberate indifference" to his medical needs. A number of federal courts of appeals have applied this "deliberate indifference" standard to jail suicide cases brought under § 1983. See, e.g., *Hall v. Ryan*, 957 F.2d 402, 404-05 (7th Cir. 1992); *Rellergert v. Cape Girardeau County*, 924 F.2d 794, 796 (8th Cir. 1991); *Buffington v. Baltimore County*, 913 F.2d 113, 120 (4th Cir. 1990); *Partridge v. Two Unknown Police Officers*, 791 F.2d 1182, 1187 (5th Cir. 1986). In *Hall*, for example, the court held that "[i]t was clearly established in 1986 that police officers could not be deliberately indifferent to a detainee who is in need of medical attention because of a mental illness or who is a substantial suicide risk." *Hall*, 957 F.2d at 404-05. And in *Rellergert*, the court held that to defeat a claim of qualified immunity, "the evidence [must] demonstrate deliberate indifference by the jailers in the face of a known suicide risk at the time preventive measures were effected." *Rellergert*, 924 F.2d at 797. Deliberate indifference is a higher standard than negligence; the plaintiff must show that the defendant ignored or was willfully blind to "'a strong likelihood, rather than a mere possibility, that self-infliction of harm [would] occur.'" *Elliott v. Cheshire County*, 940 F.2d 7, 10 (1st Cir. 1991) (quoting *Torraco v. Maloney*, 923 F.2d 231, 236 (1st Cir. 1991)).

Plaintiff has made no allegations to support a finding of "deliberate indifference" on the part of defendants Patrisi and Robinson. Supervisors may be held liable under § 1983 "'only on the basis of [their] own acts or omissions.'" *Bowen v. City of Manchester*, 966 F.2d 13, 20 (1st Cir. 1992) (quoting *Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989)). "A plaintiff must show 'that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others.'" *Id.* (quoting *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989)). Construing the complaint in the light most favorable to plaintiff, the complaint alleges only that defendants Patrisi and Robinson knew or should have known of the general suicide risks of inmates like LaPlant, and failed to respond (in an unspecified manner) to this risk. Although the failure to take preventive measures may amount to negligence, it does not rise to the level of "deliberate indifference" to the risk of suicide.

Addressing the liability of a police chief under similar circumstances, the court in *Manarite v. City of Springfield*, 957 F.2d 953, 958 (1st Cir. 1992), stated that "[n]o case finds a supervisor 'deliberately indifferent' (or the like) simply because he does not react when he learns of a significantly increased suicide attempt rate." See also *Bowen*, 966 F.2d at 21 (not deliberate indifference where police chief failed to take preventive measures such as installing monitoring system and requiring training in suicidal screening); cf. *Gutierrez-Rodriguez*, 882 F.2d at 562 (police chief liable under § 1983 where he knew that officer involved in shooting had history of violent behavior and had received numerous citizen complaints but did not respond). In the absence of allegations of "significantly more culpable behavior (or omissions)," *Manarite*, 957 F.2d at 958, defendants Patrisi and Robinson have qualified immunity from suit, and plaintiff's claims against them must be dismissed.

Defendants do not challenge the trial court's holding that John Doe and Richard Roe, the individual corrections officers who are also named defendants, are not protected from suit by the doctrine of qualified immunity. We must assume that defendants have conceded this issue. We note, moreover, that plaintiff alleges that the arresting officer told the corrections officers that LaPlant had talked about committing suicide. If the officers knew of LaPlant's suicidal tendencies and failed to take preventive measures, that failure

could amount to deliberate indifference. See, e.g., *Gordon v. Kidd*, 971 F.2d 1087, 1095 (4th Cir. 1992) (jailer's disregard of warning about inmate's suicidal tendencies rises to level of deliberate indifference). Plaintiff has made sufficient allegations on this issue to survive the motion for judgment on the pleadings.*

*The trial court's denial of the motion for judgment on the pleadings is reversed with respect to defendants Patrisi and Robinson; in all other respects, the ruling is affirmed.*

---

* Defendants also raise a third issue, arguing that absolute immunity protects Commissioner Patrissi from state law tort claims. We need not consider this issue. As the trial court recognized, under the Tort Claims Act state employees cannot be held liable for claims based solely on negligence. 12 V.S.A. § 5602(a) & (b). Plaintiff's state law tort claims lie only against the State of Vermont, and any immunity the Commissioner may have with respect to those claims is irrelevant. The trial court correctly held that Vermont law cannot afford a state official absolute immunity against a federal § 1983 claim, and defendants do not challenge that holding on appeal.