157 F.3d 147
 Craig MURRAY, Plaintiff-Appellant,
Wilfred Lafountain, Plaintiff,
Charmaine Adams, Intervenor-Plaintiff-Movant-Appellant,
v.
Patricia McDONALD, in her official capacity as Commissioner
of Motor Vehicles (Vermont), Defendant-Appellee.
 No. 98-7061.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 16, 1998.
Decided Oct. 5, 1998.
 
 Erik Fitzpatrick, Gravel & Shea, Burlington, VT, for Appellants.
 William Griffin, Chief Assistant Attorney General, Office of the Attorney General, State of Vermont, Montpelier, VT, for Appellee.
 Before: CABRANES and POOLER, Circuit Judges, and TRAGER,* District Judge.
 PER CURIAM:
 
 
 1
 Craig Murray and Charmaine Adams appeal from the judgment of the United States District Court for the District of Vermont (William K. Sessions III, Judge ), dismissing their action for lack of subject matter jurisdiction, pursuant to the Tax Injunction Act, 28 U.S.C. § 1341.[1] Appellants had sought a declaratory judgment from the district court, invalidating a Vermont tax refund statute, Act of June 20, 1994, No. 223, 1994 Vt. Acts & Resolves, reprinted in Vt. Stat. Ann. tit. 32, § 8911 (historical notation) ("Act 223"), insofar as that statute authorized the refund of certain taxes paid, without any refund of interest accrued. Appellants contended that the statute violated the Just Compensation Clause, see U.S. Const. amend. 5, and the Due Process Clauses, see U.S. Const. amend. 5 & 14, of the United States Constitution. We affirm the dismissal of appellants' action for substantially the reasons stated by the district court. See Murray v. McDonald, 988 F.Supp. 420 (D.Vt.1997).
 
 
 2
 We write only to highlight our agreement with the district court's observation that the decision of the Vermont Supreme Court in In re Williams, 166 Vt. 21, 686 A.2d 964 (Vt.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2432, 138 L.Ed.2d 193 (1997), has mooted a concern we previously expressed in Barringer v. Griffes, 964 F.2d 1278 (2d Cir.1992). In Barringer, as in the instant case, we were faced with a constitutional challenge to aspects of Vermont's motor vehicle purchase and use tax regime. The plaintiffs in Barringer, like the plaintiffs in the case before us, argued that state court procedures would not afford "a plain, speedy and efficient remedy," 28 U.S.C. § 1341, for the constitutional violations they asserted, and that the Tax Injunction Act would thus not operate to preclude the federal court action. In both cases, state procedures required aggrieved taxpayers to present an appeal initially to the Commissioner of Motor Vehicles. Though it was not entirely clear at the time of Barringer in 1992 that the statute at issue there allowed any appeal to a state court, see Barringer, 964 F.2d at 1283, the state procedural statute that now would govern an administrative action by the instant appellants explicitly provides for an appeal to the small claims court, see Act 223, § 4; in addition, the state has represented to us that an appeal as of right will lie from the small claims court to the superior court, pursuant to Vt. Stat. Ann. tit. 12, § 5538.
 
 
 3
 It was clear in 1992, as it is now, that state administrative agencies in Vermont are generally not empowered to consider constitutional challenges to state statutes. See Williams v. Vermont, 156 Vt. 42, 589 A.2d 840, 847 (Vt.1990), cert. denied, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991); Alexander v. Town of Barton, 152 Vt. 148, 565 A.2d 1294, 1296 (Vt.1989). We expressed concern in Barringer that state courts reviewing determinations of such agencies would similarly be precluded from reaching constitutional challenges. See Barringer, 964 F.2d at 1283-84. Largely on the basis of this concern, we declined to find the remedy under Vermont law to be "plain, speedy and efficient," under the terms of the Tax Injunction Act, 28 U.S.C. § 1341.
 
 
 4
 In the meantime, the Vermont Supreme Court, in In re Williams, has considered the merits of a constitutional challenge raised by other taxpayers to the same taxation regime at issue in this case. We are now satisfied that the courts of Vermont are empowered to decide constitutional questions, even when reviewing determinations made by administrative agencies that lack such power.[2]
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation
 
 
 [1]
 The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341
 
 
 [2]
 Prior to oral argument in this appeal, we granted the appellants' motion to introduce briefs filed on behalf of the State of Vermont in a separate state court action. See Defendant's Motion to Dismiss and Memorandum of Law (filed July 20,1998) ("Motion") and Defendant's Memorandum in Reply to Plaintiffs' Opposition to Motion to Dismiss (filed Aug. 14, 1998) ("Reply"), filed in Vermont Society of Association Executives v. Milne, Vermont Secretary of State, No. 313-6-98 Wncv (Super. Ct. Washington County). Appellants maintain that the State's position in those briefs contradicts its representation to us that state courts reviewing agency determinations will be entitled to consider constitutional challenges to state statutes, despite the agency's own inability to consider such challenges. Having reviewed these briefs, we find them entirely consistent with the State's position in this appeal. The State acknowledges in those documents that "the Commissioner cannot declare [a statute] unconstitutional." Motion at 7 n. 3 (emphasis added). Nonetheless, the State asserts that the taxpayer must exhaust administrative remedies "before jurisdiction may be found in the [state] Court," id. at 7, in part because "even in constitutional cases, administrative tribunals can serve useful functions in finding facts and applying constitutional principles to these facts," id. at 7 n. 3. The State's argument in those briefs clearly assumes that, following such administrative proceedings, state court jurisdiction will lie and will extend to constitutional claims