**Douglas HOFFER, Plaintiff–Appellant,**

v.

**Janet ANCEL, in her Individual and Official Capacity as Vermont Commissioner of Taxes, and Charles Merriman, Defendants–Appellees.**

**Docket No. 01–7880.**

United States Court of Appeals,
Second Circuit.

March 14, 2002.

John L. Franco, Jr., Burlington, VT, for Plaintiff–Appellant.

Danforth Cardozo, III, Special Assistant Attorney General, Vermont Department of Taxes, Montpelier, VT, for Defendants–Appellees.

Present CALABRESI and
CABRANES, Circuit Judges, and
LORETTA A. PRESKA,* District Judge.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff-appellant Douglas Hoffer ("Hoffer") brought suit under 42 U.S.C. § 1983 against defendants-appellees Janet Ancel, the Commissioner of the Vermont Department of Taxes (the "Department"), and Charles Merriman, an attorney for the Department who was assigned to handle Hoffer's administrative appeal of his tax bill. Hoffer's suit alleged violations of his Equal Protection and Due Process rights under the Fourteenth Amendment of the United States Constitution. Count I of

---

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

the complaint sought damages against Ancel and Merriman (collectively, the "state officials") in their personal capacities: Hoffer alleged (a) that the bills sent to him for the recovery of back taxes contained inadequate notice of the amount of taxes due and his right of appeal, and (b) that these bills, which he continued to receive after he filed an administrative appeal, were of a harassing nature. Count II of the complaint, which was brought against defendants in their official capacities, sought (a) a declaratory judgment that the state tax law at issue facially violated the United States Constitution, and (b) injunctive relief that would prevent defendants from enforcing the tax statute. The state officials moved to dismiss and the district court granted their motion. Plaintiff appeals from the judgment of dismissal with respect to Count I only.

## BACKGROUND

The State of Vermont instituted a statewide property tax that is used to finance education and is payable to the town in which the property is located. Vt. Stat. Ann. Tit. 32 § 5402. Residential property owners are entitled to an adjustment on their statewide property tax liability based upon their "household income" (the lower the income, the greater the adjustment— i.e., the less tax paid). The adjustment is paid to claimants in the form of a "prebate." Only one claimant per household is entitled to the prebate. *Id.* § 6062(b). In situations where there is co-ownership of a household, the prebate calculation is based on the ownership percentage of the claimant. *Id.* § 6062(c).

Hoffer is a 50–50 co-owner, with Elizabeth Lawrence, of a condominium in Burlington, Vermont. Lawrence is not a member of Hoffer's household and does not reside there. Hoffer paid all of the expenses of the property including the mortgage and property taxes. In 1999, Hoffer claimed the prebate and received $323.71—an amount based on the assumption that he was the 100% owner of the household.

In 2000, Hoffer again applied for the prebate. When he had not received any payment by August 2000, Hoffer contacted the Department. After review, he was told by Gloria Hobson, an agent of the Department, that the Department was disallowing most of his prebate claim to reflect his 50% ownership.[1] When Hoffer offered to prove that he paid all of the taxes and other expenses on the property (and thus that he should receive the full prebate amount), he was told that the statute only addresses the ownership percentages and that the particular financial obligations of the co-owners does not affect the prebate calculation. He was also informed that he would be back-billed for the 1999 prebate overpayment. The Department advised Hoffer that he could appeal this (pending) determination. On September 22, 2000, Hoffer's attorney filed an administrative appeal, as provided for under Title 32, Section 6072 of the Vermont Statutes Annotated, in anticipation of the Department's expected action.

While the appeal was pending, on October 23, 2000, Hoffer received a "Notice of Taxes Due" (the "October 23 Notice") for $225.71. This amount was described as including taxes due, plus interest and penalties. Hoffer's complaint contends that the Notice "did not specify what taxes it was regarding, the basis for the purported action, or his rights to contest same." On October 28, 2000, Hoffer responded (by letter) that he was appealing this notice:

**1.** According to the state's brief, the entire prebate claim was disallowed in 2000; the issue of the 2000 prebate amount is not relevant to this appeal.

He stated that there was no explanation for the assessment—beyond the statement that there was an "error in calculation"—and expressed his incredulity at the idea that the Department expected him to pay an unexplained bill. He asked the Department to provide him with the specific basis for the assessment, the reason for the lack of explanation in the notice, the reason why it took the Department six months to bill him (since he filed his return in April), and the reason why he should pay interest and penalties when the state had itself caused the delay by failing to bill him for six months. Hoffer's response also noted that he had engaged an attorney to handle the appeal of the prebate issue and if this bill concerned that matter, then he would assume that the bill would be set aside until that appeal was completed.

According to Hoffer's complaint, on November 7, 2000, Hoffer's counsel had a long conversation about the October 23 Notice with defendant Merriman, who had been assigned to handle Hoffer's administrative appeal. Merriman explained that he believed that the notice pertained to the prebate given to Hoffer for 1999, but said that he would check to make sure. Hoffer also maintains that Merriman stated that, if the notice did concern the prebate, then no penalty for delay would be assessed because the error was due to the Department's miscalculation. On December 18, 2000, the Department sent plaintiff another "Notice of Taxes Due Now" (the "December 18 Notice"), which purported to assess taxes owed plus additional interest and penalties, and which again lacked any statement of what the taxes were for. Hoffer responded to the December 18 Notice with another letter, dated January 1, 2001, reiterating his concerns.

In a letter sent to Hoffer's attorney on January 4, 2001, Merriman purportedly confirmed that the notices were in fact based on the 1999 prebate. Essentially, the Department adjusted Hoffer's ownership percentage to 50% and billed him $225.71 for the overpayment of the 1999 prebate, plus interest and penalties, pursuant to Title 32, Section 6071(b) of the Vermont Statutes Annotated. Merriman provided Hoffer with a computer-generated printout dated June 16, 2000 (which Hoffer had not yet seen) that provided details of the basis for the calculation of taxes due from Hoffer. According to Hoffer, the letter from Merriman noted that Hoffer had displayed a "high degree of animus." Hoffer also received a notice that explained specifically that his prebate had been adjusted because of his ownership percentage and referred Hoffer to the "Adjustment Notice" for his rights to appeal. The letter also stated: "To date, we have not received payment from Mr. Hoffer. Please be aware that additional penalties and interest are accruing at this time." On February 12, 2001, the Department sent Hoffer yet another "Notice of Taxes Due Now." And, on March 5, 2001, while Hoffer's appeal was still pending, the Department sent him a letter instructing him to pay the taxes within 15 days:

> The failure to pay outstanding taxes is a serious matter. Your total balance outstanding or a portion of the balance is subject to placement with a commercial collection agency under T.32, Chapter 103, Section 3109 To avoid placement of you (sic) account, send full payment within 15 days to the Vermont Department of Taxes . . . .

Hoffer's federal complaint, dated March 20, 2001, challenged the prebate program, arguing that it violates his constitutional rights because its "irrebutable presumption" that ownership percentage affects the prebate amount unfairly limits the property tax relief available to him as the sole, actual taxpayer. The complaint also contained a claim against Ancel and Merriman

in their personal capacities alleging that the several Notices themselves violated his Due Process and Equal Protection Rights. Defendants moved to dismiss the action under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on a variety of grounds: the Tax Injunction Act, 28 U.S.C. § 1341, the principle of comity, the Eleventh Amendment, the doctrines of absolute and qualified immunity, and plaintiff's failure to exhaust administrative remedies.

In an Order dated June 27, 2001, Chief Judge Murtha of the United States District Court for the District of Vermont, granted defendants' motion to dismiss. Judge Murtha described the basic rule of the Tax Injunction Act and the principle of comity and concluded: "[I]t is well established that taxpayers must challenge the validity of state tax systems in state court unless the state fails to provide a 'plain, adequate, and efficient remedy.'" The court noted that this rule applies not only to suits for injunctive relief, but also to declaratory judgment and damages actions. It went on to describe the process through which Hoffer might contest the tax assessment in state proceedings and noted that this Circuit had already ruled that the state remedies in Vermont were sufficient in *Murray v. McDonald,* 157 F.3d 147 (2d Cir.1998) (per curiam).

On June 29, 2001, Hoffer filed a Motion for Amendment of Judgment or Relief from Judgment. Plaintiff claimed that the court's June 27 ruling only applied to Count II of the Complaint and that the court clerk erroneously dismissed Count I, which should have survived; according to Hoffer, the court's ruling did not address the personal capacity component of Hoffer's claim. The court, then, clarified that its June 27 ruling had applied to the entire complaint, not simply to Count II. The court held that because "the basis of the plaintiff's suit is a challenge to Vermont's property tax scheme ... [t]he Tax Injunction Act totally bars the plaintiff from bringing this suit.". The court went on to say that "[f]urthermore, to the extent these defendants are named in their 'individual capacities,' they are entitled to qualified immunity from a suit for damages." Accordingly, the court affirmed its earlier dismissal of the case.

On appeal, Hoffer limits his challenge to the dismissal of Count 1. He contends that his personal capacity suit against Ancel and Merriman does not impugn any Vermont tax laws, but only conduct by state officials that violated Vermont law.

## DISCUSSION

The United States Supreme Court has held, in cases brought by taxpayers challenging a state's. tax administration, that "the principle of comity bars federal courts from granting damages relief" provided that "plain, adequate, and complete" remedies exist at state law. *Fair Assessment in Real Estate Ass'n, v. McNary,* 454 U.S. 100, 107, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *McNary* explained that a suit seeking damages for the administration of a state tax scheme

> requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to "[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts."

*Id.* (quoting *Matthews v. Rodgers,* 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447 (1932)).

This Court has repeatedly affirmed that comity precludes such suits. *See Long*

*Island Lighting Co. v. Town of Brookhaven,* 889 F.2d 428, 431 (2d Cir.1989) ("*LILCO*") ("While it is the Tax Injunction Act that prevents federal courts form giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." (internal citations omitted)); *see also Kraebel v. New York City Dep't of Hous. Pres. & Dev.,* 959 F.2d 395, 399–400 (2d Cir.1992) (holding that plaintiff's claim against the city for improper administration of a tax program was barred by the principle of comity).

Hoffer maintains that his damages suit is distinguishable because he challenges *not* the laws themselves or their application, but rather the conduct of the state officials who—he alleges—violated state law in administering the state tax scheme. But, this Court has held that, when the administration of a state tax scheme is involved, even actions by state tax officials that have been held in state court to contravene state laws are not cognizable in federal court. *See Bernard v. Vill. of Spring Valley,* 30 F.3d 294 (2d Cir.1994). In *Bernard,* this Court stated:

> In this case, although the illegality of the village's actions under state law has already been determined, the constitutionality of those actions is still in question. By asking the district court to decide this question, however, Bernard is in effect seeking a federal-court ruling on a local tax matter, precisely the type of suit the Tax Injunction Act was designed to limit as to both declaratory and injunctive relief.
>
> As to damages, the principle of comity dictates a similar result to that suggested by the Tax Injunction Act. The Su-

preme Court has held that comity bars taxpayers from asserting § 1983 actions against the validity of state tax systems in federal courts.

> ¶ . . . .
>
> . . . The existence of the state-court ruling that the village's assessment violated state law does not change the fact that what Bernard now seeks is a federal-court ruling on the constitutionality of that illegal act plus damages for the resulting harm. Such a determination would inject the district court into local tax-assessment matters, which is precisely what *Fair Assessment* and *LILCO* held was excluded from federal jurisdiction. If these issues must be determined, it must be in state, not federal, court.

*Id.* at 297–98.

It follows that, if a sufficient remedy is available at state law, Hoffer's suit must be dismissed. This Court has stated that a state remedy will qualify "if it is procedurally adequate. . . . A state need only provide a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax." *LILCO,* 889 F.2d at 431 (internal citations and quotation marks omitted). In this case, Hoffer is free to bring his § 1983 suit against Ancel and Merriman in state court. *See, e.g. Hebert v. State,* 165 Vt. 557, 679 A.2d 887 (Vt.1996) (entertaining a suit against state correction officials sued in their personal capacities for constitutional rights violations pursuant to § 1983); *Shields v. Gerhart,* 155 Vt. 141, 582 A.2d 153 (Vt.1990) (same). And, as we noted in *Bernard,* a § 1983 suit in state court is a "plain, adequate, and complete" remedy. 30 F.3d at 297.

Since the dismissal of Count I of Hoffer's suit is required on the ground of comity, neither we nor the district court need express any views on the merits of

Hoffer's allegations. *Bernard,* 30 F.3d at 298.

The judgment of the district court is hereby, AFFIRMED.