Vermont Superior Court
Filed 03/31/25
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04500

---

Casey Langlois v State of Vermont et al

---

## Opinion and Order on the State's Motion to Dismiss

Plaintiff Casey Langlois pled guilty to two counts of aggravated sexual assault on a child in 2006 and was sentenced to two 10–30 year consecutive sentences, one suspended. He asserts that he has been living in the community since he reached the minimum of the to-serve portion of the sentence and currently is on probation. He claims in this case that his plea agreement was predicated on a stipulated set of facts; did not permit Defendant the Department of Corrections (DOC), instead, to access and use the victim's affidavit for risk assessment and programming purposes; and over many years, the DOC has been doing exactly that. He claims that, as a result of an earlier post-conviction relief case, the DOC was provided the stipulation. He claims that DOC personnel have long known, before and after the PCR case, that they are not supposed to be relying on the victim's affidavit (which Mr. Langlois alleges includes serious allegations that are false); that they nevertheless have consistently done so, including in a recent probation review by the criminal court, resulting in 4 more years of probation; and that they have treated him "like a leper" when he has complained and falsely asserted that he has mental problems, all inflicting substantial emotional distress.

For relief, Mr. Langlois asks the Court to: award $334.87 (or whatever other amount is fair) in compensatory damages for the emotional harm, change his sentences

from consecutive to concurrent so he will be maxed out immediately, and grant certain injunctive relief so that the DOC will correct its records as to him and adopt policies preventing it from doing this to him or anyone else in the future.

The State has filed a motion to dismiss under both Vt. R. Civ. P. 12(b)(1) and (6). It argues: (1) the claim for damages is barred by the State's sovereign immunity because there is no private analog to the DOC's incarcerative and rehabilitative functions, and the discretionary function exception to the waiver of sovereign immunity under 12 V.S.A. § 5601 also would apply; (2) the claim for damages is subject to the 3-year limitation period at 12 V.S.A. § 512 and cannot be based on DOC conduct predating that period; (3) some of the relief sought is moot because Mr. Langlois asserts that he is living in the community on probation and presumably has completed all programming requirements; (4) to the extent that Mr. Langlois is challenging the recent probation decision in the criminal docket as having relied on improper evidence (the victim's affidavit or information from it), he should have appealed that decision and cannot directly contest it here; and (5) the relief sought exceeds the scope of Vt. R. Civ. P. 75 and, thus, is unavailable.

I.      Procedural Standards

As the Vermont Supreme Court has described, when considering a motion to dismiss for lack of subject matter jurisdiction under Vt. R. Civ. P. 12(b)(1), "'all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party.' 'A court may consider evidence outside the pleadings.'" *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432, 438–39

(citations omitted); *see also Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 14 (court

may accept evidence from outside the record to resolve dispute as to jurisdiction).

A motion to dismiss for failure to state a claim under Vt. R. Civ. P. 12(b)(6) faces a

high bar. The Vermont Supreme Court has described the familiar standard for such

motions as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is
> especially true "when the asserted theory of liability is novel or extreme," as
> such cases "should be explored in the light of facts as developed by the
> evidence, and, generally, not dismissed before trial because of the mere
> novelty of the allegations." In reviewing a motion to dismiss, we consider
> whether, taking all of the nonmoving party's factual allegations as true, "'it
> appears beyond doubt' that there exist no facts or circumstances that would
> entitle the plaintiff to relief." We treat all reasonable inferences from the
> complaint as true, and we assume that the movant's contravening
> assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309, 316–17 (citations

omitted); *see also* 5B A. Benjamin Spencer, et al., Fed. Prac. & Proc. Civ. § 1357 (4th ed.)

("Ultimately, the burden is on the moving party to prove that no legally cognizable claim

for relief exists."). The record for Rule 12(b)(6) purposes generally is limited to the four

corners of the complaint and any attachments to it. *See Nash v. Coxon*, 152 Vt. 313, 314–

15 (1989) ("[I]f matters outside the pleadings are presented and not excluded by the

court, the motion to dismiss must be treated as one for summary judgment." (internal

quotation and citation omitted)).

II.    Analysis

A.    Sovereign Immunity

The State argues that Mr. Langlois' claim for damages is barred by the State's

sovereign immunity because there can be no private analog to the DOC's incarcerative

and rehabilitative functions, and because the claim is also precluded by the discretionary

function exception to the State's waiver of sovereign immunity for some tort claims, 12 V.S.A. § 5601(e)(1). *See Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 486 (1993) ("Under this 'private analog' analysis, governmental liability may arise only if 'a plaintiff's cause of action [is] 'comparable' to a 'cause of action against a private citizen' . . . and his allegations, taken as true, [will] satisfy the necessary elements of that comparable state cause of action.'" (citation omitted)). The Court declines to address this argument at this juncture as it appears to be predicated on a distorted view of the damages claim. *See* Vt. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Mr. Langlois is *pro se*, and there can be no doubt that the complaint is not drafted with the precision of learned counsel. The Court's duty in such cases must still be to follow the command of case law under Rule 12(b) and attempt to ascertain whether it states a claim. The State appears to assume for purposes of its sovereign immunity argument that Mr. Langlois is seeking damages merely because DOC made discretionary decisions as to risk assessments and programming. While not altogether clear, his claim seems, instead or also, to be seeking compensation for emotional harm intentionally inflicted by DOC personnel by persistent misuse of the affidavit to his detriment and false accusations that he has mental disorders. This is best viewed as a claim of intentional infliction of emotional distress. Because the State has not addressed it as such, the Court declines to analyze the State's sovereign immunity argument.

The Court notes, however, that to the extent that the State has argued that there can be no private analog to any DOC functions, that argument is substantially overbroad. *See, e.g., Hebert v. State*, 165 Vt. 557, 558 (1996) (finding a private analog in the prison context). Further, the "limitations in [12 V.S.A. § 5601(e)] do not apply to

claims against the State of Vermont to the extent that there exists coverage under a policy of liability insurance purchased by the Secretary of Administration." 12 V.S.A. § 5601(f). The record is silent as to the non-existence of insurance.

### B. Statute of Limitations

The States notes that Mr. Langlois complains about DOC conduct dating back to 2006, but his damages claim is subject to the 3-year limitation period at 12 V.S.A. § 512, and thus must be predicated on DOC conduct within the 3 years before he filed suit. The statute of limitation in Vermont for injuries to the person is 3 years. 12 V.S.A. § 512(4). Mr. Langlois' damages claim, however it might be characterized, is predicated on a personal injury subject to § 512(4). Accordingly, the Court agrees that the claim extends only to DOC conduct within the 3 years before suit was filed. The complaint is not clear as to all the conduct complained of, but it clearly asserts some DOC conduct occurring within the 3 years prior to suit.

### C. Mootness

The State asserts that some of the relief sought is moot because Mr. Langlois is living in the community on probation and presumably has completed all programming requirements. Therefore, it concludes, there would be no point to a remedy requiring the DOC to do anything about, for example, programming that does not exist. "When mootness is raised, we must inquire 'whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" *Holton v. Dep't of Emp. & Training (Town of Vernon)*, 2005 VT 42, ¶ 14, 178 Vt. 147, 153 (citations omitted).

The State's mootness argument is applicable only to the viable scope of relief rather than the claim that might warrant relief of some kind. More importantly, the argument outruns the record. We are at the motion to dismiss stage, and the complaint is entitled to significant indulgences. Here, the complaint is unclear whether Mr. Langlois is currently subject to programming, conditions, or other direct effects of the DOC's allegedly wrongful use of the victim's affidavit that might be cured by injunctive relief. The State's presumption that he is not is out of step with the procedural standard. Nor, even if true, would such release moot the damage claim described above.

D.    Direct Challenge to the Probation Decision

The State argues that, to the extent that Mr. Langlois is attempting in this case to directly challenge the recent probation decision in the criminal docket as having relied on improper evidence, he should have appealed that decision; he cannot directly contest it here. The Court agrees in substance, but it is not clear that that is all that Mr. Langlois is attempting to do in this case. As noted, Mr. Langlois appears also to allege ongoing programming effects of the DOC's purported misuse of the affidavit. At least potentially, some of those may not fall within the scope of the criminal court's determinations.

The closest the complaint gets to the State's characterization of the matter is the request that this Court modify his sentence so that he is instantaneously maxed out to avoid the 4 more years of probation ordered by the criminal court. In that regard and as to any relief premised on the criminal court's alleged reliance in improper materials, the Court agrees with the State. Based on the allegations, the Court sees no path that could possibly lead to a reversal or reconsideration of the criminal court ruling in this case. The State's motion is granted as to that form of relief.

E.    The Scope of Relief Under Rule 75

The State's last argument is this: "Finally, the relief Petitioner seeks is not available to him. Rule 75 review does not . . . allow the Court to order the Department to 'destroy' any documents or create new policies. Whatever relief might be available to Petitioner, it is not the relief that he requests in his Complaint." Ordinarily, relief available under Rule 75 is a decision affirming, reversing, or modifying "the decision under review." Vt. R. Civ. P. 75(d). The State's argument is simplistic, however, because the substantive nature of the relief awarded under Rule 75 depends on the decision at issue. Also, in cases of extreme abuses of discretion, relief often presumably will be injunctive. *See Inman v. Pallito*, 2013 VT 94, ¶ 15, 195 Vt. 218, 224 (discussing the extreme abuse of discretion prong of mandamus review under Rule 75).

More importantly, while Mr. Langlois cites Rule 75, he also characterizes his claims as seeking post-conviction relief, and he obviously seeks damages and injunctive relief. Rule 75 is not a claim: it is a procedure that applies to certain types of claims. If Mr. Langlois has cited the wrong procedure for one or more of his claims, the remedy would be to apply the correct procedure, not to dismiss or refashion his claims so that they fit under Rule 75.

Conclusion

For the foregoing reasons, the State's motion to dismiss is granted, in part, and denied, in part. Plaintiff is entitled to a broad reading of this complaint at this juncture

and to have his claims judged on a more expansive factual record than can be presented in the present context.

Electronically signed on Thursday, March 27, 2025, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge